## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RODRIGUEZ, Individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action Case No.: _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CRESCO LABS, INC.; CRESCO LABS, LLC; CRESCO U.S. CORP.; CRESCO EDIBLES, LLC; TSC CRESCO, LLC; CRESCO LABS JOLIET, LLC; CRESCO LABS KANKAKEE, LLC; CRESCO LABS LOGAN, LLC; CRESCO LABS NOTES ISSUER, LLC, | ) ) ) ) ) ) ) ) ) | Circuit Court Case No.: 2024CH10461 |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, Defendants Cresco Labs, Inc., Cresco Labs, LLC, Cresco U.S. Corp., Cresco Edibles, LLC, TSC Cresco, LLC, Cresco Labs Joliet, LLC, Cresco Labs Kankakee, LLC, Cresco Labs Logan, LLC, and Cresco Labs Notes Issuer, LLC (collectively, "Cresco" or "Defendants"), by and through their undersigned attorney, hereby remove this action from the Circuit Court of Cook County, State of Illinois, to the United States District Court for the Northern District of Illinois. All Defendants consent to removal.

This Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) the proposed classes have at least 100 putative class members, (ii) the proposed classes assert an aggregate amount in controversy of $5,000,000.00 or more, exclusive of interest and costs; and (iii) minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2).

## **Introduction**

1. For now, cannabis is regulated (or, simply put, legal) at the state level, though rescheduling is on the horizon at the federal level. Each state brings its own public policy considerations to bear. Who gets access and how and under what circumstances are questions each state debates when considering legalizing cannabis for recreational and/or medicinal use in their respective states. But within this regulatory scheme that balances both federal and state considerations, Cresco is one of the largest publicly traded, vertically integrated multistate operators ("MSO") in the cannabis industry. Cresco is the industry leader in branded cannabis products with a portfolio of America's most popular brands. It operates highly productive dispensaries under the Sunnyside® brand that focus on delivering consumer education, trust and convenience.

2. Founded in 2013, Cresco now operates in multiple states where thousands of employees work in service of a mission to normalize and professionalize the cannabis industry. Through year-round policy, community outreach and SEED$^{TM}$ initiative and other community efforts, many of which are aimed at combating the remnants from the so called "war on drugs", Cresco embraces the responsibility to support communities through authentic engagement, economic opportunity, investment and advocacy to help, for example, formerly incarcerated people reenter society, individuals find careers in cannabis and influence legislative changes that will help the industry achieve its full potential. In every state in which Cresco operates, it partners and collaborates with local stakeholders (law enforcement, regulators, city councils, etc.) to move the industry forward in a responsible and professional manner; i.e., Cresco seamlessly integrates its operations consistent with local community goals and missions.

**Background**

3. Plaintiff Felix Rodriguez (hereinafter, "Plaintiff" or "Rodriguez") commenced this action by filing a Complaint on December 2, 2024, in the Circuit Court of Cook County styled *Felix Rodriguez v. Cresco Labs, Inc., et al.*, Case No. 2024CH10461. Pursuant to 28 U.S.C. § 1446(a), the most recent version of the state court docket and true and correct copies of all pleadings and documents filed in that action are attached hereto as **Exhibit 1**.

4. Cresco was served with the Summons and a copy of the Complaint on December 18, 2024.

5. Plaintiff's Complaint asserts claims regarding Cresco's Rick Simpson Oil ("RSO") products sold in Illinois and Florida (*See* Complaint ("Compl.") ¶ 9.) Specifically, Plaintiff alleges that Cresco's RSO products are marketed, labeled and/or sold in a misleading manner. (*Id*. at ¶¶ 3, 11 – 18.) In particular, the Complaint alleges that (i) the products are falsely represented as "cannabis concentrate" products when they actually are "cannabis infused products" ("CIP") under applicable Illinois and Florida law, (ii) the products exceed the permissible THC dosage limit for CIPs, and (iii) the products cause consumers to exceed the permissible possession limits for CIPs. (*Id*.)

6. Based on these allegations, Plaintiff asserts six causes of action: (i) a violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1); (ii) a violation of the Illinois Consumer Fraud Act (815 ILCS 505/1); (iii) common law fraud; (iv) fraudulent concealment; (v) unjust enrichment; and (vi) violation of multiple states' consumer protection acts. (Compl. ¶¶ 134 – 232.) Plaintiff purports to bring these claims individually and on behalf of all people who

purchased Cresco's RSO Products in Illinois and Florida within the applicable limitations period. (*Id*.)

7. In his Prayer for Relief, Plaintiff seeks (i) an order certifying the Classes, defining the Classes as requested herein, appointing Plaintiff as class representative, and appointing his counsel as class counsel; (ii) an award of any actual, compensatory, and enhanced damages permitted to Plaintiff and other members of the Classes, for all alleged damages sustained as a result of Defendants' alleged wrongdoing, in an amount to be proven at trial, including prejudgment interest thereon; (iii) an award of punitive damages for Defendants' alleged intentional, knowing, and/or reckless misconduct and deliberate indifference; (iv) an award of reasonable attorneys' fees, costs, and other litigation expenses; (v) an award of pre- and post-judgment interest as available under law; (vi) disgorgement of any funds in the amount Defendants were allegedly unjustly enriched; and (vii) declaratory judgment that Defendants' RSO products are non-compliant with the Cannabis Regulation and Taxation Act ("CRTA") and Medicinal Act, and other applicable laws, rules and regulations, and their manufacture, marketing, and sale of the RSO Products was a deceptive trade practice. (*Id*., Prayer for Relief, pp. 41 – 42.)

## Venue

8. Plaintiff filed this action in the Circuit Court of Cook County, State of Illinois, which is located in the Northern District of Illinois. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1441(a) because it encompasses the county in which the state court action is pending.

### Notice to Plaintiff

9. Concurrently with the filing of this Notice of Removal in this Court, Cresco will serve written notice of removal on Plaintiff's counsel of record and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

### Timely Removal

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of December 18, 2024, the date on which Cresco received the Complaint through service of the Summons and a copy of the Complaint. This Notice of Removal is also filed within one year of the commencement of this action on December 2, 2024, and is thus also timely pursuant to 28 U.S.C. § 1446(c)(1).

### Grounds for Removal

**I.  This Court May Exercise Jurisdiction Pursuant to CAFA.**

    **A.  The Present Action is styled as a Class Action.**

11. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff brings this Action on his own behalf as well as on the behalf of others similarly situated in Illinois and Florida. (Compl. ¶ 128.) Moreover, the Complaint is captioned as a "Class Action Complaint". Therefore, this Action is a "class action" as defined by CAFA.

    **B.  Sufficient Diversity of Citizenship Exists.**

12. CAFA "permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of

5

a state different from any one defendant." *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 609 (N.D. Ill. 2023) (Seeger, J.) (quoting *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019)); 28 U.S.C. § 1332(d)(2). This requirement is also satisfied.

13. Plaintiff alleges that he is a citizen of the State of Illinois and a resident of Cook County. (Compl. ¶ 19.)

14. The putative Classes, however, include "[a]ll persons who, within the applicable limitations period, purchased Cresco's RSO Products in Illinois *and Florida*" as well as "[a]ll persons who, within the applicable limitations period, purchased Cresco's RSO Products in the State of Illinois." (Compl. ¶ 128.) (Emphasis added.) The Classes, as defined, arguably also include citizens of other states as the only requirement for inclusion in the Classes is that the member "purchased Cresco's RSO Products in Illinois and Florida." One need not be a citizen of Illinois or resident of Cook County to purchase any of Cresco's products, including the RSO Products, for recreational use; rather, the only requirement is that the consumer or patient (as defined by state law) be at least 21 years of age. (*See* the January 16, 2025 Declaration of Anika Trujillo in support of Defendants' Notice of Removal ("Trujillo Decl.") attached hereto as **Exhibit 2**, ¶ 4.) Thus, under state law, a non-resident who is 21 years old may legally purchase cannabis but with lower dispensation limits.[1] (*Id.*) Thus, the Classes could include citizens of multiple states.

---

[1] The State of Illinois has promulgated the dispensation limits for residents and non-residents at https://cannabis.illinois.gov/about/faqs.html#faq-item-faq_copy-0-0. This Court may take judicial notice of same because the accuracy of the State of Illinois' website cannot be reasonably questioned. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

15. As alleged here, all of the Defendants, except Defendant Cresco Labs, Inc. are, at minimum, citizens of the State of Illinois. (Compl. ¶¶ 20 – 27.) But Defendant Cresco Labs, Inc. is a Canadian corporation organized under the laws of the Province of British Columbia with its principal place of business in Chicago, Illinois. (*Id*. ¶ 28.) Thus, it enjoys both Canadian and Illinois citizenship. *See Page v. Democratic Nat'l Comm*., 2 F.4th 630, 635 (7th Cir. 2021) ("When it comes to corporations, however, the diversity statute itself makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its "principal place of business."). *See also* 28 U.S.C. § 1332(c)(1).

16. Accordingly, CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

### C. The Putative Classes Include At Least 100 Members.

17. The Classes exceed CAFA's requirement of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

18. Plaintiff purports to bring claims on behalf of "[a]ll persons who, within the applicable limitations period, purchased Cresco's RSO Products in Illinois *and Florida*" as well as "[a]ll persons who, within the applicable limitations period, purchased Cresco's RSO Products in the State of Illinois." (Compl. ¶ 128.) (Emphasis added.) Plaintiff also alleges that "there are ***thousands*** of proposed class members." (Compl. ¶130.) (Emphasis added.)

19. Based on Cresco's internal data, 71,369 RSO Products (or units) were sold during the applicable limitations period in Illinois and Florida combined. (Trujillo Decl. ¶ 9.)

20. Thus, this CAFA requirement is satisfied.

## D. The Amount in Controversy Exceeds $5,000,000.

21. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) is dispositive on this requirement. There, the Panel explained, in pertinent part, that Cresco

> "bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not "confess liability in order to show that the controversy exceeds the threshold." [T]he removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands. [] The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $ 5 million, [] then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."

(Internal citations omitted.) *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (explaining same).

22. Cresco need only provide a "good-faith estimate" that is "plausible and adequately supported by the evidence." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022) citing *Blomberg v. Service Corp. International*, 639 F.3d 761, 763 (7th Cir. 2011). To satisfy the amount-in-controversy requirement, a removing defendant may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources. *Id.* Here, Cresco satisfies this requirement from the face of the Complaint and through the Trujillo Declaration.

23. Consider Plaintiff's Prayer for Relief. Plaintiff seeks, among other things, (i) an award of any actual, compensatory, and enhanced damages permitted to Plaintiff and other members of the Classes, for all damages sustained as a result of Defendants' alleged wrongdoing,

in an amount to be proven at trial, including prejudgment interest thereon; (ii) an award of punitive damages for Defendants' purported intentional, knowing, and/or reckless misconduct and deliberate indifference; (iii) an award of reasonable attorneys' fees, costs, and other litigation expenses; (iv) an award of pre- and post-judgment interest as available under law; and (v) disgorgement of any funds in the amount Defendants were unjustly enriched by their conduct. (Compl., Prayer for Relief, pp. 41 – 42.)

24. Moreover, Plaintiff alleges that "the total sales of RSO Products during the applicable statutory period is in the millions and there are thousands of proposed class members." (Compl. ¶ 130.)

25. Cresco's revenue from the sale of its RSO Products, during the applicable limitations period, in Illinois and Florida was $2,401,307.25. (Trujillo Decl. ¶ 9.) This speaks directly to Plaintiff's request for restitution and disgorgement. (Compl. ¶ 232; Prayer for Relief (f).) The RSO Products were sold for between $30.00 and $60.00. (Trujillo Decl. ¶ 9.)

26. Even setting aside Cresco's actual sales during the applicable statutory period, Plaintiff also seeks compensatory and enhanced damages as well as punitive damages and attorneys' fees for the alleged conduct. (Compl., Prayer for Relief (b) – (d).) Each is properly included as part of the amount in controversy calculation.

27. With regard to attorneys' fees (which Plaintiff seeks here), they may be included in the jurisdictional sum if they are allowed by statute or provided for by contract. Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3712; *see also Martin v. Granite City Steel Corp.*, 596 F. Supp. 293, 296 (S.D. Ill. 1984) (explaining same). Attorneys' fees are recoverable under Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.*, the Consumer

Fraud Act, 815 ILCS 505/1 *et seq.*, and Consumer Protection Act, 815 ILCS 501/1 *et seq.* and Florida's Consumer Protection Act, Fla. Stat. 501.201 *et seq*. (Compl. ¶¶ 134 – 199.) *See also* Fla. Stat. Ann. § 501.2105 (awarding attorneys' fees to the prevailing party). And as alleged, Plaintiff contends Cresco acted "willfully, wantonly and with reckless disregard for the truth." (Compl. ¶ 169.) If proven, Plaintiff could be awarded costs, attorneys' fees, or both. *Van Zeeland v. McNally*, 532 F. Supp. 3d 557, 571 (N.D. Ill. 2021) (Valderrama, J.).

28. With respect to punitive damages, these are allowed in Illinois where a defendant has acted willfully or with such extreme negligence as to indicate reckless disregard for the safety of others. *Hazelwood v. Ill. C. G. R.R.*, 114 Ill. App. 3d 703, 710 (1983). Here, Plaintiff seeks punitive damages because Cresco purportedly acted intentionally. (Compl. ¶ 131.) Therefore, punitive damages must be taken into account in determining the amount in controversy. *Martin, supra* (considering punitive damages request as part of amount in controversy); *see also Schutte*, 28 F.4th at 855 (explaining that punitive damages are included in amount in controversy calculation).

29. Taken together, with purported "millions" in sales and "thousands" of potential class members across multiple states and the request for punitive and enhanced damages and attorneys' fees, it is plausible that "a fact finder might conceivably lawfully award" in excess of $5,000,000 in this case. *Schutte*, 28 F.4th at 856.

E. **CAFA's Exceptions Do Not Apply.**

30. A district court is required to decline to exercise jurisdiction under CAFA if certain explicit conditions are present. *See* 28 U.S.C. § 1332(d)(4); 28 U.S.C. § 1332(d)(4)(A)(i) (local controversy exception applies only if at least one defendant is a citizen of the state in which the

action was originally filed); § 1332(d)(4)(B) (home-state controversy exception also applies only if at least one defendant is a citizen of the state in which the action was filed); 28 U.S.C. § 1332(d)(3) (discretionary exception applies only if primary defendants are citizens of the state in which the action was filed); *but see Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006) (explaining that local controversy exception is narrow and all doubts should be resolved "in favor of exercising [federal] jurisdiction over the case").

31. CAFA's exceptions are not automatic; rather, the party seeking remand must provide sufficient evidence that an exception applies. *Schutte*, 28 F.4th at 858 (affirming denial of remand as local controversy exception did not apply); *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681 (7th Cir. 2006) (same and affirming remand denial because local controversy exception did not apply even though the plaintiff filed the action in the same state as defendant's citizenship).

32. This Action is neither a home-state nor a local controversy. Plaintiff purports to bring this Action on behalf of all persons, within the applicable limitations period, who purchased Cresco's RSO Products in Illinois *and Florida*. (Compl. ¶ 128.) (Emphasis added.) This allegation alone is fatal to any remand attempt. And because Illinois law allows non-residents who are 21 years of age or older to purchase cannabis, the Classes, as defined by Plaintiff, arguably include citizens outside of Illinois and Florida. (Trujillo Decl. ¶ 4.) Indeed, Plaintiff alleges the Classes include "thousands." (Compl. ¶ 98.)

33. This Action also implicates the laws of different states and includes defendants with citizenship outside of Illinois. (*See, e.g.*, Compl. ¶ 110 (discussing Florida's packaging and labeling statutory requirements) and ¶ 28 (alleging that Cresco Labs, Inc. is a Canadian

11

corporation)). Stated differently, the application of the exceptions does not solely rest on a defendant's citizenship; rather, the application (or, as Defendants contend here, inapplicability) of the exceptions also turns on the factual allegations. If the allegations do not support the exception (and they do not here), the Court is not required to apply them. *Schutte, supra* (explaining that the factual basis of the claims, rather than the legal theories, is crucial in determining the applicability of CAFA exceptions). This is such a case.

34. For now, cannabis is regulated at the state level. (Trujillo Decl. ¶ 4). Each state brings its own public policy considerations to bear when it comes to if, when and how consumers and patients possess and use cannabis. The Complaint, by implication and as drafted, touches on matters beyond Illinois. And because Cresco operates in multiple states (not just in Illinois and Florida), the potential ramifications from an unfavorable ruling could expose Cresco to other states' regulatory penalties or hamper future business endeavors in new markets.

35. Accordingly, this Court has jurisdiction over this matter pursuant to CAFA.

**WHEREFORE**, Defendants remove the above-styled action to this Court.

Dated: January 17, 2025.

Respectfully submitted,

__/s/ Joshua L. Harris_____

Joshua L. Harris (ARDC No. 6331095)
600 W. Fulton Street, Suite 800
Chicago, Illinois 60661
josh.l.harris@crescolabs.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

 I hereby certify that on the 17th day of January, 2025, I filed the foregoing electronically through the Northern District of Illinois CM/ECF system, which caused all counsel of record to be served by electronic means.

                 */s/ Joshua L. Harris*
                 Joshua L. Harris (ARDC 6331095)