# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case information for case number: **2024CH10461**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2024CH10461 | CHCAL14 | 12/02/2024 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| FELIX RODRIGUEZ | Class Actions | CRESCO LABS, INC. CRESCO LABS, LLC CRESCO U.S. CORP CRESCO EDIBLES, LLC TSC CRESCO, LLC CRESCO LABS JOLIET, LLC CRESCO LABS KANKAKEE, LLC CRESCO LABS LOGAN, LLC CRESCO LABS NOTES ISSUER, LLC | ANNA CERAGIOLI JAMIE HOLZ LAURA LUISI |

| Ad Damnum |
|---|
| 0 |

**Future Court Activity:**

| Court Date: | 02/03/2025 | Hearing Type: | Case Management Call Case Management(Judicial Officer:Quish, Clare J,Calendar, 14) | Time: | 9:30 AM | Location: | Court Room 2301,Richard J Daley Center |
|---|---|---|---|---|---|---|---|

**Case Activities:**

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- TSC Cresco |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Labs |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Labs Notes |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Labs Logan |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Labs Joliet |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Labs Inc |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco Edibles |
|---|---|---|---|---|---|

| **Activity Date:** | 01/06/2025 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** | Affidavit of Service- Cresco US Corp |
|---|---|---|---|---|---|

| **Activity Date:** | 12/25/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/25/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/25/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/24/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/24/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/24/2024 | **Event Desc:** | Electronic Notice Sent | **Comments:** | |

| **Activity Date:** | 12/20/2024 | **Event Desc:** | Summons - Retd P.S. | **Comments:** | Sheriff ID: 50498408, UNKNOWN LITIGANT Sheriff Filename: 2024CH1046150498408.pdf |

| **Activity Date:** | 12/11/2024 | **Event Desc:** | Appearance Filed - Fee Paid - | **Comments:** | |

| **Activity Date:** | 12/10/2024 | **Event Desc:** | Continuance - Allowed - | **Comments:** | matter remains set for the previously status hearing on February 3, 2025 at 9:30 am before Judge Quish via zoom |

| **Activity Date:** | 12/10/2024 | **Event Desc:** | Motion To - Continued - | **Comments:** | Plaintiff's Motion is ENTERED and CONTINUED. |

| **Activity Date:** | 12/05/2024 | **Event Desc:** | Notice Of Motion Filed | **Comments:** | Notice of Motion |

| **Activity Date:** | 12/05/2024 | **Event Desc:** | Exhibits Filed | **Comments:** | Exhibits A through C1 |

| **Activity Date:** | 12/05/2024 | **Event Desc:** | Motion Filed | **Comments:** | Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues |

| **Activity Date:** | 12/03/2024 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons to TSC Cresco |

| **Activity Date:** | 12/03/2024 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons to Cresco US Corp |

1/17/25, 11:18 AM
Clerk of the Circuit Court of Cook County
Case: 1:25-cv-00633 Document #: 1 Filed: 01/17/25 Page 5 of 99 PageID #:18

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs, LLC |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs Notes Issuer, LLC |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs Logan, LLC |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs Kankakee, LLC |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs Joliet, LLC |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Labs, Inc. |

| Activity Date: | 12/03/2024 | Event Desc: | Summons Issued And Returnable | Comments: | Summons to Cresco Edibles, LLC |

| Activity Date: | 12/02/2024 | Event Desc: | Class Action Complaint Filed (Jury Demand) | Comments: | |

| **Activity Date:** | 12/02/2024 | **Event Desc:** | New Case Filing | **Comments:** |

Please Note:If you do not find a case you are looking for, please contact our Customer Service Call Center at (312) 603-5030 and they can assist you with your search.

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource='Location'>>
Judge: <<CmsHearingResource='JudicialOfficer'>>
 For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

Case: 1:25-cv-00633 Document 12-1 Filed July 17/25 Page 7 of 99 PageID #:220

FILED
12/2/2024 4:16 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10461
Calendar, 14
30422200

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **FELIX RODRIGUEZ,** **Individually and on behalf of all others similarly situated,** ) ) ) ) | Case No. **2024CH10461** |
| Plaintiff, ) ) ) | **CLASS ACTION COMPLAINT** |
| v. ) ) | |
| **CRESCO LABS, INC.; CRESCO LABS, LLC; CRESCO U.S. CORP.; CRESCO EDIBLES, LLC; TSC CRESCO, LLC; CRESCO LABS JOLIET, LLC; CRESCO LABS KANKAKEE, LLC; CRESCO LABS LOGAN, LLC; CRESCO LABS NOTES ISSUER, LLC,** ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants ) | |

## CLASS ACTION COMPLAINT

Plaintiff Felix Rodriguez ("Plaintiff"), individually and on behalf of others similarly situated, by and through his undersigned counsel, Stephan Zouras LLC and Luisi Holz Law, for his Class Action Complaint against Defendants Cresco Labs, Inc., Cresco Labs, LLC, Cresco U.S. Corp., Cresco Edibles, LLC, TSC Cresco, LLC, Cresco Labs Joliet, LLC, Cresco Labs Kankakee, LLC, Cresco Labs Logan, LLC, and Cresco Labs Notes Issuer, LLC (collectively "Defendants" or "Cresco"), based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation by counsel and review of public documents as to other matters, state as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for violations of the Illinois Uniform Deceptive Trade Practices (815 ILCS 510/1

1

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

*et seq.*) and Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq.*) and similar laws in Florida, and common law torts of fraud and fraudulent concealment, declaratory judgment, and unjust enrichment.

2.     Rick Simpson Oil ("RSO") is a potent cannabis oil made by soaking cannabis flowers in a solvent, such as ethanol or alcohol, leaving behind a sticky and thick substance that is high in tetrahydrocannabinol ("THC") and other cannabinoids.

3.     Defendants manufacture and sell or have sold improperly labeled RSO in single packages that are almost 5 times the legal per-package THC limit for cannabis-infused products ("CIPS") and which at least exceed the personal possession limit for out-of-state consumers in Illinois.

4.     Defendants' RSO brand (the "House Brand") and Remedi RSO brand are sold in 500-milligram and 1-gram quantity syringes (the "RSO Products").

 

5.     Defendants' RSO is a high-potency cannabis product and induces powerful psychoactive effects.

2

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

6.     Under Illinois law, CIPs intended for consumption, like the RSO Products, are not allowed to contain more than 100 milligrams of THC per package. 8 ILAC 1000.420(f); 8 ILAC 1300.920(d); 410 ILCS 705/55-21(k).

7.     CIP packages with 100 milligrams of THC total typically contain 10 individual servings.

8.     By contrast, a single 1-gram syringe of Defendants' RSO Products can contain as much THC as *10 standard CIP packages*. In other words, a 1-gram Syringe of Defendants' RSO Products can contain as much THC as 100 *standard servings* of CIPs.

9.     Defendants manufacture and sell their RSO in Illinois and Florida. Similar laws in Florida impose like-kind restrictions.

10.    Florida law requires that the RSO Products not exceed 200 milligrams per package, with doses limited to 10 milligrams each.  Fla. Admin. Code Ann. R. 64ER22-8.

11.    Despite this, Defendants' RSO Products universally exceed this legal limit in each of these States by marketing and presenting their RSO Products as cannabis concentrates.

12.    Defendants do this because cannabis concentrates are not subject to any per package limits and have higher personal possession limits, at a 5-gram personal possession limit for Illinois residents and a 2.5-gram limit for out-of-state consumers, for example.

13.    Accordingly, Defendants are selling improperly labeled RSO Products in single packages that are almost five times the legal THC limit imposed on individual packages of CIPs. A single product with an amount of THC that also far exceeds the personal possession limits imposed on Illinois residents and out-of-state consumers.

14.    In doing so, Defendants intentionally or recklessly misrepresented that their RSO Products were cannabis concentrates.

3

FILED DATE: 12/2/2024 4:16 PM    2024CH10461

15.     On information and belief, Defendants made this misrepresentation to deceive regulators and consumers in order to allow Defendants to sell RSO Products using the 5-gram limit applied to concentrates, instead of the lower 500-milligram CIP limit imposed on Illinois residents, or even the lower limits imposed on out of state consumers.

16.     This misrepresentation resulted in Defendants being able to sell up to 11 times the amount of CIP an adult-use consumer is allowed to lawfully possess at one time, thereby exceeding the limits which could be sold to a consumer in a single transaction, and generating significant profits for Defendants at the expense of Illinois consumers and in spite of Illinois law.

17.     Plaintiff and other consumers were being misled to believe that they were purchasing a legal cannabis product that complied with statutorily imposed limits, required labels, and packaging. This deception continues to this day, affecting and harming consumers across the country daily. As a result, consumers were, and continue to be, overcharged, placed at risk from overconsuming Defendants' illegal product and incurring other consequential damages and harm.

18.     Defendants' wrongful conduct in each of these States is the same, where they misclassify their RSO Products in order to maximize the per product amount of THC, in excess of the limits imposed by the laws of those States, thereby increasing sales and revenues.

## PARTIES

19.     Plaintiff Felix Rodriguez is a citizen of the State of Illinois and resident of Cook County.

20.     Defendant Cresco Labs Joliet, LLC is an Illinois limited liability company and registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq.* and/or the Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Labs Joliet, LLC, is managed by Cresco Lab Notes Issuer, LLC.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

21.     Defendant Cresco Labs Kankakee, LLC is an Illinois limited liability company and registered as a cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Labs Kankakee, LLC, is managed by Cresco Lab Notes Issuer, LLC.

22.     Defendant Cresco Labs Logan, LLC is an Illinois limited liability company and registered as a cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Labs Logan, LLC, is managed by Cresco Lab Notes Issuer, LLC.

23.     Defendant Cresco Edibles, LLC is an Illinois limited liability company and is an affiliate, parent company, and/or alter ego of Cresco's entities registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Edibles, LLC, is managed by Cresco Lab Notes Issuer, LLC.

24.     Defendant Cresco Labs Notes Issuer, LLC is an Illinois limited liability company and is an affiliate, parent company, and/or alter ego of Cresco's entities registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Labs Note Issuer is managed by Cresco Labs, LLC.

25.     Defendant Cresco Labs, LLC is an Illinois limited liability company registered to do business in the State of Florida, and is an affiliate, parent company, and/or alter ego of Cresco's entities registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or the Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.* Cresco Labs, LLC is managed by Cresco U.S. Corp.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

26.     Defendant Cresco U.S. Corp. is incorporated in the State of Illinois, and registered to do business in the State of Florida. Cresco U.S. Corp. is an affiliate, parent company, and/or alter ego of Cresco's entities registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or the Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.*

27.     Defendant TSC Cresco, LLC is an Illinois limited liability company registered to do business in the State of Illinois and an affiliate, parent company, and/or alter ego of Cresco's entities registered as a Cultivator under the Illinois Cannabis Regulation and Tax Act, 410 ILCS 705/1 *et seq*. and/or Compassionate Use of Medical Cannabis Program Act, 410 ILCS 130/1 *et seq.*

28.     Defendant Cresco Labs, Inc. is incorporated in the Province of British Columbia, Canada and headquartered at 400 West Erie Street, Suite 110, Chicago, Illinois 60654. Cresco Labs, Inc. is the parent company of all other Defendants.

29.     The aforementioned Cresco entities operate as one entity under the umbrella of the parent company referred to as "Cresco" and publicly traded on Canada's Securities Exchange under "CL" and the U.S. OTCQX under "CRLBF."

### CANNABIS INDUSTRY CORPORATE STRUCTURING

30.     Due to the federal illegality of cannabis and robust regulatory schemes that vary from State to State, the cannabis industry maintains unique organizational designs.

31.     Operationally, the unavailability of traditional financing and banking services poses certain challenges.

32.     Of particular note is the unique nature of paying and filing taxes as a cannabis entity, where the federal tax code does not contemplate the sale of cannabis as a legal business.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

Specifically, IRS Code Section 280E prohibits a Federally illegal business from claiming any deductions and credits thereunder.[1]

33.     To account for the complexity of the situation, cannabis companies created complicated, but integrated, corporate structures.

34.     As a general practice, many cannabis companies may maintain separate entities to hire their employees, hold their equipment, contract with vendors, and a host of other functions.

35.     While these entities may be separate on paper or in corporate filings, they are functionally one entity operating under a large umbrella of entities.

36.     Defendants follow suit by selling products under one national portfolio of brands, including Cresco and other brand names.

37.     The Defendant entities share such a unity of interest and ownership that the separate personalities of the corporations and/or individuals no longer exist.

38.     Defendants share executive management and C-suite executives, policies and practices, payroll, internal support functions, and other resources.

39.     Defendants operate as a single, vertically integrated, centralized entity through Cresco's parent companies.

40.     Defendants hold themselves out as one integrated system and operate as such, including by referencing all Cresco products on a single website.[2]

41.     Such control and integration is admitted and discussed further in Defendants' own statements and reports, including those made by Defendants on Cresco Labs, Inc.'s website. Wherein Defendants state that

---

[1]   *See*  https://www.irs.gov/about-irs/providing-resources-to-help-cannabis-business-owners-successfully-navigate-unique-tax-responsibilities;   https://www.foxrothschild.com/publications/high-time-for-cannabis-businesses-to-start-tax-planning.
[2] *See* https://www.crescolabs.com/brands/ (last visited November 18, 2024).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

Cresco Labs is one of the largest publicly traded, vertically integrated, multistate cannabis companies in the U.S. We produce the industry's #1 portfolio of cannabis brands and operate dispensaries under our Sunnyside brand nationally that focus on delivering consumer education, trust and convenience. We're involved at every point in the seed-to-sale process. Our cultivation and manufacturing facilities are powered by world-class agronomists, extraction and R&D experts, and state-of-the-art agricultural equipment—all of which drive our commitment to quality, purity and consistency. We package, ship and distribute our products to cannabis retailers nationwide, including our Sunnyside stores.

. . .

We're involved at every point in the seed-to-sale process. Our cultivation and manufacturing facilities are powered by world-class agronomists, extraction and R&D experts, and state-of-the-art agricultural equipment—all of which drive our commitment to quality, purity and consistency. We package, ship and distribute our products to cannabis retailers nationwide, including our Sunnyside stores.

. . .

Our branded cannabis products are sold in thousands of dispensaries across the country. We prioritize wholesale to reach as many patients and customers as possible, accessing the scaled benefits of a national footprint.[3]

## JURISDICTION

42. The Court has personal jurisdiction over Defendants because they sold RSO Products to consumers in Illinois, including Plaintiff. Defendants conducted business in Illinois during all relevant times.

43. Directly and through their agents, Defendants have substantial contacts with Illinois (including acquiring State of Illinois licensure to cultivate and dispense cannabis), have purposefully availed themselves of the Illinois market, and have received substantial benefits and income from Illinois.

44. Venue is proper pursuant to 750 ILCS § 5/104 because Plaintiff Felix Rodriguez resides in Cook County. Defendants also sold RSO Products to consumers in Cook County, including Plaintiff, conduct business transactions throughout Cook County, and committed many of the statutory violations alleged herein in Cook County. A substantial part of Defendants'

---

[3] *About – Cresco Labs*, https://www.crescolabs.com/about-cresco/ (last visited Nov. 14, 2024).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

conduct giving rise to the claims occurred in Cook County, including the sale of RSO Products to Plaintiff.

## COMMON FACTS

### RICK SIMPSON OIL

45.     RSO is a highly potent cannabis product named after an individual, Rick Simpson, who initially developed and popularized this type of cannabis oil.[4]

46.     Rick Simpson was a Canadian medical marijuana activist who reportedly treated his own skin cancer by using RSO.

47.     RSO is very high in THC content, with a syrupy consistency and powerful effects when consumed. RSO is dark in color (sometimes black) and sticky to the touch.

48.     RSO is traditionally made by utilizing solvents, oftentimes ethanol, to extract certain compounds of the cannabis plant.

49.     In the best-case scenario, the solvent is entirely evaporated throughout the extraction process, leaving behind the dense, potent oil known as RSO.

50.     RSO is often sold in 0.5- and 1-gram packages with high potencies.

51.     Because of the medical properties attributed to RSO, this product is oftentimes used by patients with cancer and other serious ailments.

52.     RSO is typically sold in a syringe, which has a clear tubing structure that allows the consumer to see the oil.

### USING SYRINGES TO ADMINISTER RSO

53.     RSO is regularly sold by Defendants and other manufacturers in a Syringe device, which typically has a tubing structure that allows the consumer to see the oil.

---

[4] *See* https://www.chooseremedi.com/education/is-there-cannabis-terminology-i-should-know (last visited November 20, 2024).

9

FILED DATE: 12/2/2024 4:16 PM   2024CH10461



54.     In order to dispense RSO with a Syringe, a user pushes one end of the Syringe, which allows the RSO to be pushed out of the other end.

55.     There are no dosage mechanisms on these Syringes or any other way to determine the appropriate dose utilizing the Syringe.

### MEDICINAL AND ADULT USE CANNABIS IN THE STATE OF ILLINOIS AND EFFORTS TO CREATE A SAFE AND LEGAL CANNABIS MARKET

56.     In 2013, finding that the adoption of rules to regulate cannabis use is necessary for the public interest, safety, and welfare of its citizens, the State of Illinois became the 20th state to authorize the cultivation, dispensing, and use of cannabis for medicinal purposes, passing the Compassionate Use of Medical Cannabis Program Act (the "Medicinal Act").

57.     The Illinois Department of Public Health manages the registry of Patients and issues registry cards to Illinois residents meeting the program requirements.

58.     In 2018, the Alternative to Opioids Act of 2018 (the "Alternative to Opioids Act") was signed into law to expand access to medical cannabis. The Alternative to Opioids Act created the Opioid Alternative Pilot Program (the "OAPP"), which allowed individuals to access medical cannabis as an alternative to prescriptions for opioids as certified by licensed Illinois physicians.

59.     Illinois adopted laws allowing medicinal cannabis use because of the therapeutic and beneficial value it could provide to Illinoisans suffering from debilitating illnesses and to

10

protect "seriously ill patients who have a medical need to use cannabis" from legal prosecution and arrest.

60.     Illinois passed the Cannabis Regulation and Tax Act (the "CRTA") in 2019, legalizing the possession and use of recreational cannabis by persons over the age of 21 in the state of Illinois, subject to certain limitations on use and possession limits.

61.     Incorporating lessons learned from the period of strictly medical use cannabis, the General Assembly, "[i]n the interest of the health and public safety of the residents of Illinois," found and declared that:

> [C]annabis should be regulated in a manner similar to alcohol so that . . . cannabis sold in this State will be tested, labeled, and subject to additional regulation to ensure that purchasers are informed and protected; and [that] purchasers will be informed of any known health risks associated with the use of cannabis, as concluded by evidence-based, peer reviewed research.

410 ILCS 705/1-5(a).

62.     The CRTA and Medicinal Act (together the "Illinois Cannabis Acts") appointed various State agencies with rule-making power over the sale, use, and harvesting of cannabis products regulate, among other items, the amount of THC that can be in a particular product and possessed by a person, dosages, labeling, and packaging requirements.

## LEGAL PRODUCTS UNDER ILLINOIS LAW

63.     The production and manufacture of cannabis products is limited to appropriately licensed entities in the State of Illinois. With the proper licensing, entities can cultivate and grow cannabis flower and make cannabis concentrate from that flower, among other functions.

64.     The Illinois Cannabis Acts regulate two categories of cannabis products permitted to be manufactured, packaged, and sold to retail consumers in the State of Illinois: (1) smokeable products, including smokeable concentrates; and (2) CIPs, such as gummies, tinctures, and oils, among others. *See* 410 ILCS 705/1-10.

11

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

65.     These products are defined as follows in the Illinois Cannabis Acts and Illinois Department of Agriculture Regulations:

> "**Cannabis concentrate**" means a product derived from cannabis that is produced by extracting cannabinoids, including tetrahydrocannabinol (THC), from the plant through the use of propylene glycol, glycerin, butter, olive oil, or other typical cooking fats; water, ice, or dry ice; or butane, propane, CO2, ethanol, or isopropanol and *with the intended use of smoking or making a cannabis-infused product.*
>
> "**Cannabis-infused product**" means a beverage, food, *oil*, ointment, tincture, topical formulation, or another product containing cannabis or cannabis concentrate that is *not intended to be smoked*.

410 ILCS 705/1-10 (*emphases added*); *see also* 8 ILAC 1300.10.

66.     Pursuant to the strict mandates of the Illinois Cannabis Acts, "[c]annabis-infused products for sale or distribution at a dispensing organization must be prepared by an approved agent of a cultivation center or infuser organization." 410 ILCS 705/55-5(b); 410 ILCS 130/80(a)(5).

67.     As such, unlicensed individuals are prohibited by law from making CIPs.

68.     Accordingly, cannabis concentrate can only be incorporated into and sold to a retail consumer as a: (1) cannabis-infused product *i.e.* CIP; or (2) smokeable product.

### CANNABIS LABELING, AND PACKAGING REQUIREMENTS IN ILLINOIS

69.     The Illinois General Assembly has declared cannabis should be regulated so that "cannabis sold in this State will be tested, labeled, and subject to additional regulation to ensure that purchasers are informed and protected; [] and purchasers will be informed of any known health risks associated with the use of cannabis, as concluded by evidence-based, peer-reviewed research." 410 ILCS 705/1-5(b)(5-6); 410 ILCS 130/5.

70.     The most basic requirement is that the product package must define what the product is, whether that be an edible CIP, smokeable product, or other form of legal product, and

12

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

labeled with the common name of the product. *See* 410 ILCS 705/55-21(e), (e)(2); 8 ILAC 1300.930(b)(2); 77 ILAC 720.40(b); 410 ILCS 130/80; 77 ILAC 946.400(c)(1).

71.     The contents of the product must be listed, including ingredients, and the total of listed contents shall not be below 85% or above 115% of the labeled amount. 410 ILCS 705/55-21(e)(8)(B); 8 ILAC 1000.420(d)(8)(B).

72.     Cannabis products produced by concentrating or extracting ingredients from a cannabis plant must identify the type of extraction method, solvents or gas used to create the concentrate or extract, and any other chemicals or compounds used to produce or that were added to the concentrate or extract, including when that concentrate or extract is utilized in either a CIP or smokeable product. 410 ILCS 705/55-21(g).

73.     The Illinois Cannabis Acts requires that CIPS "shall meet the packaging and labeling requirements contained [therein.]" 410 ILCS 705/55-5(a).

74.     With respect to CIPs intended for consumption, the maximum limit imposed by the Illinois Cannabis Acts for one package is no more than 100 milligrams. 8 ILAC 1000.420(f); 8 ILAC 1300.920(d); 410 ILCS 705/55-21(k).

75.     Illinois imposed these limitations to protect the health and safety of the residents of Illinois and other cannabis purchasers. As demonstrated by the State's own warnings against overconsumption:

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

**Are there added risks for regular cannabis use?**

Routine and high-dose cannabis use may have more health consequences than occasional or low-dose cannabis use.  Remember, some cannabis sold at Illinois dispensaries has higher amounts of THC than illegally grown and sold cannabis before legalization.

5

76.     Even in the limited research conducted to date, high-potency cannabis products have been linked to significant risk of psychosis and other psychiatric-related illnesses. *See e.g.* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2801827/ (noting that the "most striking finding is that patients with a first episode of psychosis preferentially used high-potency cannabis preparations of the sinsemilla (skunk) variety" which was a potency level of 12-18% THC); https://www.hazeldenbettyford.org/research-studies/addiction-research/high-potency-marijuana#:~:text=Individuals%20who%20used%20high%2Dpotency,years%20earlier%20than %20non%2Dusers ("Individuals who used high-potency cannabis on a daily basis were found to be five times more likely to experience a psychotic disorder than non-users").

77.     With recommendations from the Department of Public Health, the Illinois Cannabis Acts also mandate warnings for specific product types that "must" be present on labels when offered for sale to an end consumer:

> Cannabis that may be smoked must contain a statement that 'Smoking is hazardous to your health.'
>
> Cannabis-infused products (other than those intended for topical application) must contain a statement 'CAUTION: This product contains cannabis, and intoxication following use may be delayed 2 or more hours. This product was produced in a facility that cultivates cannabis, and that may also process common food allergens.'

410 ILCS 705/55-21(j).

---

5 Illinois Cannabis Regulation Oversight Office, https://cannabis.illinois.gov/about/faqs.html#faq-item-faq_copy-0-1 (last visited Nov. 14, 2024).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

78.     The Medicinal Act also requires that the product be labeled with a warning "that the item is a medical CIP and not a food" and another warning "emphasizing that the product contains medical cannabis and is intended for consumption by registered qualifying patients only." 8 ILAC 1000.420(e)(5)-(6).

79.     Cannabis business establishments, including cultivators and dispensaries, may not engage in, maintain, or place advertising or packaging that contains any statement or illustration that: (1) is false or misleading; or (2) promotes overconsumption of cannabis or cannabis products. 410 ILCS 705/55-20(a), (b)(4); 410 ILCS 705/55-21(f); 8 ILAC 1300.930(c).

80.     Likewise, cannabis product packaging may not include information that "(1) is false or misleading; [or] (2) promotes excessive consumption[.]" 410 ILCS 705/55-21(f); 8 ILAC 1300.930(c); 8 ILAC 1000.420(g).

## CANNABIS QUANTITY LIMITS IN ILLINOIS

81.     To protect consumers in the State of Illinois, the Illinois Cannabis Acts impose limits on the amount of cannabis that can be possessed by an individual. *See e.g.* 410 ILCS 705/10-10(a)-(b).

82.     An individual over the age of 21 purchasing for recreational purposes who is an Illinois State resident is permitted to cumulatively possess no more than 500 milligrams of THC contained in CIPs and 5 grams of smokeable cannabis concentrate. 410 ILCS 705/10-10(a).

83.     The Illinois Cannabis Acts limits non-residents to cumulatively possessing no more than 250 milligrams of THC contained in a CIP and 2.5 grams of smokeable concentrate. *See* 410 ILCS 705/10-10(b).

84.     An individual purchasing for medicinal purchases cannot purchase more than an adequate supply for their medicinal needs, which the Medicinal Act limits to 2.5 ounces of cannabis in any 14-day period. 410 ILCS 130/130(i)(4); 410 ILCS 130/10(a).

15

FILED DATE: 12/2/2024 4:16 PM    2024CH10461

**DEFENDANTS' CONFUSING AND MISLEADING RICK SIMPSON OIL PRODUCTS**

85.    Defendants produce and market their RSO Products in 0.5-gram and 1-gram clear Syringes, which are then enclosed in a cardboard package or similar individual per-product sleeve.

86.    Defendants expressly state that their:

Advertising and marketing materials in support of these brands are legitimate efforts by Cresco Labs to inform consumers of the uses, formats, and attributes that are available to help them live better lives. Cannabis advertising and marketing also encourages transparency, legal, and responsible consumption, and fosters customer loyalty.[6]

87.    Defendants control the marketing, advertising, and packaging content of each of their brands. As Defendants themselves admit, "Cresco Labs' compliance and legal departments are responsible for enforcing the[] standards [of their marketing code]," stating further that "[a]ll marketing and advertising campaigns will be reviewed prior to public distribution." *Id.* at 13.

88.    Defendants' Marketing Code requires its brands to "strictly adhere to both the letter and spirit of all relevant state jurisdictional statutes and standards." *Id.* at 6.

89.     Defendants claim to ensure this by, among other things, verifying that "[w]ritten contracts and project briefs with all suppliers involved in the development of advertising and marketing materials, including any email and SMS/text messages, must review and adhere to these standards and receive ongoing training regarding the same." *Id.* at 13.

90.    Defendants list RSO Products on their own and other dispensary websites as concentrates, despite the fact that they are CIPs.

---

[6] *See Responsible Advertising and Marketing Standards for the U.S. Cannabis Industry*, available at https://www.crescolabs.com/wp-content/uploads/2020/10/Cresco_MarketingStandards_Fall20.pdf, p.3 (last visited Nov. 14, 2014).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461



91.     Defendants' own dispensary advertisements and product listings on websites also improperly list RSO Products as concentrates, as opposed to edible CIPs, despite that their manufacturers advertise them as edible, and the packaging notes that the products are to be "[c]onsume[d]."



92.     In Illinois, CIPs like RSO can only be sold in 100 mg packages and dosed at 10 milligrams per serving.

---

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

93.     A 1-gram RSO Syringe is equivalent to ten standard packages of edible CIPs *i.e.* 100 standard servings of edibles. This is 10 times the amount allowed in one CIP package.

94.     In addition to proposing and recommending unlawfully excessive doses and the overconsumption of their product, Defendants also fail to provide a dispensing mechanism that allows consumers to easily use lawful dosages, dose accurately, or provide instructions on the individual packaging of the RSO Products.

95.     All of this serves to deceive and confuse consumers into believing that the RSO Products are cannabis concentrates instead of CIPs, and, further, that Defendants' RSO Products are lawfully compliant products.

96.     The Illinois Cannabis Acts limit a person to possessing only 500 milligrams of THC in CIPs at a time. However, a single purchaser is allowed to possess up to 5 grams of cannabis concentrate.

97.     By misrepresenting their RSO Products as cannabis concentrate, Defendants are able to increase the sales of their RSO Products by a factor of 11.

98.     If Defendants had complied with the Illinois Cannabis Acts, Illinois consumers would be limited to purchasing up to five 100 milligram RSO Syringes at a time (or any combination of compliant CIPs totaling 500 milligrams) and would be prevented from purchasing additional CIPs.

99.     Under Defendants' current illegal scheme, consumers are permitted to purchase 10 times that amount as cannabis concentrate in 1-gram and 500-milligram increments, and still purchase an additional 500 milligrams of CIPs.

100.    In total, this is 11 times the maximum possession limit of CIPs imposed by law.

FILED DATE: 12/2/2024 4:16 PM  2024CH10461

101.     Defendants' conduct is uniform across their RSO Products. They made no attempt to clarify that their RSO Products are CIPs, despite the duties imposed upon them by the Illinois Cannabis Acts.

102.     Defendants knew or should have known that their RSO Products were, in fact, CIPs; yet despite that knowledge, it continues to market and package them as cannabis concentrate, reaping the benefits of their deception.

103.     These benefits have been substantial to date. As Defendant and corporate parent, Cresco Labs, Inc., reported in its Q2 2024 Earnings Call, Cresco is "perfecting the playbook [they] need to win[,]" and is "maintaining leading share positions in the largest markets, like Illinois[.]"[9]

104.     Defendants "remain the leader in branded wholesale products" and they "continue perfecting [their] branded product playbook, enabling [them] to beat out competitors and hold #1 overall share position in Illinois[.]" *Id.*

105.     They further note that in markets like Illinois, their continued introduction of new "innovations and forms" of product, while focusing on "constantly finding efficiencies in [their] cost structure continues to deliver one of the strongest cannabis portfolios in the industry." *Id.* at p. 5.

106.     The unlawful packaging, marketing, and sale of RSO Products at issue here is simply one part of Defendants' branded product playbook to maximize their available efficiencies and beat out their competitors.

---

[9] Cresco Labs Inc. FQ2 2024 Earnings Call, Aug. 8, 2024, p. 4, *available at* https://s202.q4cdn.com/903809940/files/doc_financials/2024/q2/Cresco-Labs-Inc-Q2-2024-Earnings-Call-TRANSCRIPT.pdf (last visited Nov. 14, 2024).

107.   This conduct furthers Defendants' "objective [] to capitalize on the opportunities presented as a result of the changing regulatory environment governing the cannabis industry in the U.S."[10]

### COMPARABLE PUBLIC POLICY AND CANNABIS LEGISLATION IN OTHER STATES

108.   The State of Florida authorized medicinal and/or recreational cannabis in reliance on public policy that is nearly identical to that of the State of Illinois in all relevant and material respects.

109.   Defendants are licensed with and/or partnered with a cultivator licensed with the Florida Department of Health to manufacture and sell cannabis to end users.

110.   Florida's packaging and labeling requirements are similar to those required under Illinois law. By way of example, all of these states require labels, dosage indications, and use instructions. *See* Fla. Stat. § 381.986.

111.   Florida's product types are defined and limited in a nearly identical manner to Illinois in all relevant and material respects. *See* Fla. Stat. § 381.986.

112.   Florida law also impose nearly identical limitations on the sale of CIPs, rendering all of Defendants' RSO Products illegal in those States.

| State | Package Limit | Dose Limit | Authority |
|-------|---------------|------------|-----------|
| Illinois | 100 mg | 10 mg | 8 ILAC 1300.920(d) |
| Florida | 200 mg | 10 mg | Fla. Admin. Code Ann. R. 64ER22-8 |

---

[10] *available at* https://www.sec.gov/Archives/edgar/data/1832928/000119312521008131/d945319dex9941.htm (last visited Nov. 14, 2024).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

## ALLEGATIONS SPECIFIC TO FELIX RODRIGUEZ

113.    Plaintiff is a medical cannabis purchaser.

114.    On or around August 10, 2023, among various other instances, Plaintiff placed an online pre-order for a Remedi RSO Product for his personal and medicinal use.

115.    Plaintiff's order included a 0.5-gram Remedi "Rest" RSO Product, which was marketed as 0.5-gram cartridge of cannabis concentrate.

116.    The ordering site listed RSO Products as concentrate. There was otherwise no indication that RSO is an edible product.

117.    The specific item purchased was advertised as a 0.5-gram syringe and the photo in Plaintiff's order summary also depicted a 0.5-gram syringe, substantially similar or identical to that pictured here.



118.    Plaintiff's total for the purchase shown on his receipt was $30.00 before the application of any taxes or discounts.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

119.    Plaintiff relied on Defendants' representations that their products were compliant and safe, based on their status and holding themselves out as licensed cannabis companies under the State's robust regulatory structure, and reasonably assumed compliance with the same in purchasing the Remedi RSO Product.

120.    Defendants' Remedi Rest RSO Product can contain 378.250 milligrams THC in a single package, and purports to contain 50 total doses of 10 milligrams each, as identified on their Remedi Rest RSO Product, featured below.




121.    The syringes included in Defendants' RSO Products contain a syringe stating: "For Oral Administration Use Only."

FILED DATE: 12/2/2024 4:16 PM   2024CH10461



122.    While Defendants' RSO Products under its House Brand and Remedi product lines are for oral consumption only, and are definitionally CIP's, Defendants' 0.5-gram syringes contain *over three times* the amount of THC (100 milligram) allowed for a single CIP product under the Illinois Cannabis Acts.

123.    Plaintiff relied on Defendants' representations, and the information and labels on the product in deciding to purchase the product – he reasonably believed that Defendants were in compliance with applicable laws and that the RSO Products sold by Defendants were legal.

124.    Plaintiff did not know that the RSO Products were, in fact, *not* compliant with the law or that the CIP he was attempting to purchase exceeded the amount he was allowed to possess.

125.    Plaintiff would not have purchased the product had he known that it was not legal, and did not have appropriate information on the packaging and product. Moreover, he would not have been able to lawfully purchase it, as the sale was prohibited by the Illinois Cannabis Acts.

126.     The product is substantially less valuable (and in fact worthless) because it does not comply with the cannabis packaging standards set out by the State of Illinois, including that it is not appropriately dosed.

127.     Plaintiff was misled and harmed because of Defendants' conduct.

## CLASS ACTION ALLEGATIONS

128.     Plaintiff brings his claims individually and on behalf of the following classes (the "Classes") pursuant to 735 ILCS § 5/2-801:

Multi-State Consumer Protection Class: All persons who, within the applicable limitations period, purchased Cresco's RSO Products in Illinois or Florida.

Illinois Sub-Class: All persons who, within the applicable limitations period, purchased Cresco's RSO Products in the State of Illinois.

129.     Excluded from the Classes are: (1) Defendants; (2) Defendants' officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity; (3) any Judge or Magistrate Judge presiding over this action and the members of their family; (4) persons who properly execute and file a timely request for exclusion; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (6) Plaintiff's counsel and Defense counsel, and their experts and consultants.

130.     **Numerosity**. The proposed Classes contains members so numerous that separate joinder of each member of the class is impracticable. The total sales of RSO Products during the applicable statutory period is in the millions and there are thousands of proposed class members. The individuals who purchased RSO Products can be ascertained through records in the possession, custody, or control of Defendants.

131.     **Commonality and Predominance**. There are questions of fact or law common to the Classes, which common questions predominate over any questions affecting only individual members, including but not limited to the following:

24

- Whether Defendants misled consumers into purchasing RSO Products;
- Whether Defendants misrepresented or concealed material facts about the RSO Products, including the nature of the products and safety of using them;
- Whether Defendants improperly labeled and advertised the RSO Products;
- Whether Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Acts and similar laws when they sold to consumers the RSO Products;
- Whether Defendants violated the Florida Deceptive Business and Unfair Trade Practices Act and similar laws when they sold RSO Products to consumers; and
- Whether Defendants acted with deliberate indifference to the safety risks posed by the RSO Products.

132. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of all Class Members. Plaintiff understands the obligations inherent in representing a putative class, and the corresponding duties. Plaintiff has retained counsel competent and experienced in complex and class action litigation. Plaintiff has no interests antagonistic to the Class's interests, and Defendants have no defenses unique to Plaintiff.

133. **Appropriateness**. This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*
on behalf of Plaintiff and the Illinois Sub-Class**

134.    Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

135.    Defendants, Plaintiff, and Illinois Sub-Class Members are "persons" within the meaning of the Uniform Deceptive Trade Practices Act ("UDTPA") 815 ILCS 510/1(5).

136.    The UDTPA declares that a 'person,' including Defendants, engages in a deceptive trade practice when, in the course of their business, they "represent[] that goods . . . have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have[.]" 815 ILCS 510/2(a)(5).

137.    It is also a deceptive practice for a person to represent "that goods . . . are of a particular standard[] or quality[,]" to "advertise[] goods . . . with the intent not to sell them as advertised[,]" or to "engage in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(a)(7),(a)(9),(a)(12).

138.    As alleged in the foregoing, Defendants knowingly and/or recklessly misrepresented that the RSO Products they produced, distributed, marketed, and advertised were legally compliant cannabis concentrate, by, among other ways, introducing these products into the stream of commerce as licensed Cultivators in the State of Illinois, when in fact and as Defendants actually knew, they were CIPs.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

139. Defendants knowingly and/or recklessly misrepresented and advertised the goods as having a "quality", "sponsorship", "approval", "characteristics", "quantities", and "ingredients" that they did not have – namely, that they were cannabis concentrates.

140. Each of the RSO Products that Defendants produced were non-compliant with the Illinois Cannabis Acts, and thus unlawful to sell, due to, in addition to other factors, the quantity and contents (ingredients) of each product failing to comply with the legal restrictions imposed by the Illinois Cannabis Acts.

141. Moreover, Defendants expressly marketed the RSO Products as cannabis concentrate, not CIPs, which at its core, is a misrepresentation of material fact to any transaction regarding the quality and characteristics of the products at issue.

142. Defendants' misrepresentations through their marketing and advertising led to the deception and confusion of consumers, including Plaintiff and the Illinois Sub-Class, regarding the nature and legal status of the RSO Products and their proper use.

143. Defendants' acts and practices were likely to, and did, in fact, deceive and mislead members of the public, including consumers acting and relying reasonably under the circumstances, to their detriment, like Plaintiff and members of the Illinois Sub-Class.

144. The unlawful RSO Products marketed and sold by Defendants were also likely to be confused with products that did conform to the legal requirements imposed by the Illinois Cannabis Acts, as they were sold and marketed as lawful goods and were not distinguished from lawful goods when marketed or sold in any way.

145. Defendants deceitful conduct continues, and they continue to produce, market, and sell these unlawful RSO Products across a number of jurisdictions. Putting unknowing consumers at risk for their joint financial benefit.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

146.    With the dynamic and opaque nature of the cannabis industry, consumers, including Plaintiff and other members of the Illinois Sub-Class will not reasonably be able to avoid Defendants' products in the future, as Defendants continue to merge, acquire, create, and exchange various brands and manufacturers with other industry competitors.

147.    Plaintiff, on behalf of himself and the putative Illinois Sub-Class Members, requests that the Court enter an order for a Declaratory Judgement declaring that Defendants' manufacture, marketing, and sale of RSO Products as described is a deceptive trade practice in violation of the UDTPA.

## COUNT II

### Violation of the Illinois Consumer Fraud Act 815 ILCS 505/1 *et seq.* on behalf of Plaintiff and the Illinois Sub-Class

148.    Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

149.    Plaintiff, Members of the Illinois Sub-Class, and Defendants are "persons" within the meaning of 815 ILCS 505/1(c) and 510/1(5).

150.    At all times mentioned herein, Defendants engaged in "trade" or "commerce" in Illinois as defined by 815 ILCS 505/1(f), by engaging in the offering and sale of things of value in Illinois.

151.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") provides that ". . . [u]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in . . . the 'Uniform Deceptive Trade Practices Act'… in the conduct of any trade or commerce are . . . unlawful whether any person has in fact been misled, deceived or

damaged thereby." 815 ILCS 505/2. The ICFA further makes unlawful deceptive trade practices undertaken in the course of business. 815 ILCS 510/2.

152.    Plaintiff and Illinois Sub-Class Members purchased RSO Products manufactured and marketed by Defendants.

153.    Defendants misrepresented their RSO Products through statements, omissions, ambiguities, half-truths, and/or actions and engaged in unfair or deceptive acts or practices prohibited by the ICFA by engaging in the following, among other conduct.

154.    In violation of the Illinois Cannabis Acts, Defendants manufactured, marketed, and advertised unlawful and dangerous RSO Products containing volumes of THC (0.5 grams/500 milligrams, 1 gram/1,000 milligrams) in excess of those allowed by law for CIPs – the production, sale, and marketing of which is expressly prohibited by the Illinois Cannabis Acts.

155.    Defendants accomplished this through a number of deceptions, misrepresentations, omissions, concealments, and other unfair conduct. Defendants undertook this conduct with the intent that consumers and others would rely on their deceptive and unfair schemes, so they could unlawfully market, sell, and profit off of various CIPs being sold as cannabis concentrate.

156.    As alleged, Defendants' marketing, packaging, advertising, and business practices were rife with deception.

157.    Specifically, Defendants systematically misrepresented that their RSO Products were cannabis concentrate by ensuring that they were labelled and sold as such on their own websites as well as those of other retailers, with the intent that the RSO Products be sold as cannabis concentrate, resulting in the sale of CIPs in quantities and concentrations which were unsafe and unlawful.

FILED DATE: 12/2/2024 4:16 PM    2024CH10461

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

158.    Defendants each controlled the marketing of the products at issue, guaranteeing their RSO Products were marketed as "cannabis concentrate" in their own advertising and educational materials, as well as that which they imposed upon other retailers. Defendants also governed the representations made at related and third-party retailers, as they require the use of Cresco-approved language.[11]

159.    Defendants undertook the marketing, advertising, labelling, and packaging of RSO Products with the intent that consumers rely on the representations made therein.

160.    Defendants omitted and actively concealed information from Plaintiff, the Illinois Sub-Class, and other consumers, that was not only material to each transaction, but that Defendants were duty bound to provide under the Illinois Cannabis Acts.

161.    Defendants concealed the fact that the RSO Products they were selling were being sold unlawfully, and that the products did not comply with Illinois law. Defendants did so by consistently representing their unlawful products were other categories of products that were potentially lawful, in order to conceal their true nature.

162.    Moreover, all CIPs are required to be labelled and packaged at the point of preparation, where each product shall be labelled with "the common or usual name of the item and the registered name." 410 ILCS 705/55-21(e)(2).

163.    However, here, Defendants failed at any time to properly classify their RSO Products, omitting their status as CIPs, or their intended use.

164.    Defendants knowingly and/or recklessly did so in order to avoid the regulations associated with CIPs, allowing Defendants to sell more product on a per transaction basis, subject to the higher recreational purchasing limits allowed for cannabis concentrates as opposed to CIPs.

---

[11] *See Responsible Advertising*, available at https://www.crescolabs.com/wp-content/uploads/2020/10/Cresco_MarketingStandards_Fall20.pdf (last visited November 18, 2024).

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

165. Defendants knew their RSO Products were legally defined as CIPs, meaning they were capped at lesser per transaction sales limits than cannabis concentrates.

166. By selling CIPs as cannabis concentrate, Defendants were able to sell much larger quantities of cannabis by volume through the increased sales limits – quantities that violated Illinois law.

167. This conduct, and the conduct generally alleged herein constitutes deceptive practices under the ICFA.

168. Defendants undertook this scheme of conduct in a systematic, knowing, and/or reckless manner. The deceptive conduct pervades their product descriptions, marketing, and public statements. Defendants made the deceptive representations and omissions or concealment of material facts discussed above with the intent that Plaintiff and other consumers rely upon them in determining that their RSO Products were compliant and whether to purchase them or a competing product.

169. Defendants' improper conduct is misleading in a material way in that it induced Plaintiff and the Illinois Sub-Class Members to purchase Defendants' RSO Products when they otherwise would not have. Defendants made their untrue and/or misleading statements and representations willfully, wantonly, and with a reckless disregard for the truth.

170. Plaintiff and other members of the Illinois Sub-Class were exposed to, and reasonably relied upon, Defendants deceptive representations when they purchased Defendants' RSO Products from various dispensaries across the State of Illinois, believing they had purchased lawful, safe products, in compliance with the Illinois Cannabis Acts.

171. Plaintiff and other members of the Illinois Sub-Class were harmed in the full amount of the monies paid for the RSO Products purchased, as they were not lawfully placed into

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

commerce by Defendants, and were willfully, wantonly, and/or with reckless disregard for the truth, marketed by Defendants as being compliant with the Illinois Cannabis Acts (they are not), lawful for an individual to possess in many instances (they are not), and not unnecessarily dangerous (they are), in contravention of the Illinois Cannabis Acts.

172.    Defendants' conduct also amounts to a series of unfair practices.

173.    A plaintiff may recover against a defendant for undertaking an unfair practice where that practice (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers. *Aliano v. Ferriss*, 2013 IL App (1st) 120242, ¶ 25 (2013).

174.    As discussed at length, Defendants' conduct offends the public policy of the State of Illinois, including, at a minimum, the Illinois Cannabis Acts, Department of Agriculture, Department of Public Health, and related governmental regulations, and basic public policies aimed at protecting consumers and ensuring that cannabis products are offered safely and legally in Illinois.

175.    Defendants' mischaracterization of certain of their RSO Products as cannabis concentrate instead of CIPs resulted in the dramatic increase of their per transaction sales.

176.    As discussed, Defendants' conduct violates the strict requirements of the Illinois Cannabis Acts which defines cannabis concentrate, CIPs, and their packaging, labelling, and related restrictions.

177.    Defendants categorized their RSO Products (CIPs) as cannabis concentrate in order to sell greater volumes of the product by capitalizing on the State of Illinois's higher per transaction limit on sales of cannabis concentrate, namely, the possession limits imposed upon the purchaser.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

178.    In doing so, Defendants unlawfully promoted the unregulated overconsumption of cannabis by marketing, promoting, and selling improperly labeled and packaged cannabis products that fail to feature or conform to the safeguards against overconsumption imposed by the Illinois Cannabis Acts. Specifically, safety labels, serving size limits, serving size identification, and legal quantity limits.

179.    Defendants' conduct foils the purpose and intent of the Illinois Cannabis Acts by undermining Illinois residents' right to access safe and legal cannabis in a regulated and controlled market.

180.    Defendants' pursuit of profit in disregard of the Illinois Cannabis Acts and their safety requirements is not only unethical and unscrupulous, it is immoral and oppressive.

181.    These are dangers sought to be mitigated by the Illinois Cannabis Acts through their dosing, labelling, and packaging requirements which expressly require that "[p]ackaging must not contain information that: (1) is false or misleading; [or] (2) promotes excessive consumption[.]" 410 ILCS 705/55-21(f).

182.    As such, Defendants' conduct amounts to a pervasive and systemic series of acts done in violation of the requirements of the Illinois Cannabis Acts and their enabling regulation in order to advance Defendants' own interests and increase Defendants' profits.

183.    The requirements imposed upon Defendants by the Illinois Cannabis Acts serve the public policy of Illinois by promoting and preserving the health and safety of its residents in the face of a dangerous industry. To further this, the Illinois Cannabis Acts recognize the lack of consumer and purchaser knowledge regarding cannabis in all its forms, as well as the laws and regulations that govern its purchase and consumption.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

184.    The Illinois Cannabis Acts imposed the regulations, which were ignored and violated by Defendants, in order to remedy the potential harms caused by this lack of knowledge and shifts the duty of education and legal compliance to cannabis companies like Defendants – a duty that Defendants failed to uphold here.

185.    As such, Defendants' conduct is wholly unfair to the people of the State of Illinois, as well as those visiting Illinois and consuming cannabis in reliance on the public policies and laws of the State, and in contravention of the public policy goals of the general assembly in passing the Illinois Cannabis Acts. The only benefit it provides to any party is the reduced compliance costs and increased profits enjoyed by Defendants as a result of their conduct.

186.    Plaintiff and Illinois Sub-Class Members would not have purchased Defendants' RSO Products but for Defendants deceptive and unfair conduct described herein, as Plaintiff and the Illinois Sub-Class Members would not and could not have purchased an unlawful product and would have purchased a legally compliant alternative instead (had Defendants made a legally compliant product).

187.    For the reasons discussed herein, Defendants violated and continue to violate ICFA by engaging in the deceptive or unfair acts or practices prohibited by 815 ILCS 505/2 and 510/2.

188.    Plaintiff and Illinois Sub-Class Members are entitled to damages in an amount to be proven at trial, reasonable attorneys' fees, and any other penalties or awards that may be appropriate under the law.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

## COUNT III

**Violations of State Consumer Protection Acts on behalf of Plaintiff and the
Multi-State Consumer Protection Class**

189.    Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

190.    Plaintiff brings individual and subclass claims based on Illinois consumer
protection law, as alleged above. For the Multi-State Consumer Protection Class, Plaintiff brings
this count for violations of state consumer protection laws that are materially similar to the laws
of Illinois ("Similar States"), including:

| State | Statute |
|-------|---------|
| Illinois | 815 ILCS § 501/1 *et seq.* |
| Florida | Fla. Stat. § 501.201 *et seq.* |

191.    These statutes are materially similar insofar as they broadly prohibit the sale of
illegal products to unknowing consumers and other deceptive and misleading conduct in
connection with the sale of goods to consumers.

192.    These statutes forbid as unlawful any unfair or unconscionable methods of
competition or commercial practices, as well as deceptive acts or practices.  Fla. Stat. § 501.204;
815 ILCS 505/2.

193.    The aforementioned States' cannabis laws and public policy are also materially
similar, insofar as, for the public safety, they limit the quantity of ingestible THC that may be sold
in one package to 100-200 milligrams of THC, render sale of the products alleged herein illegal,
and impose similarly stringent restrictions on individual possession and packaging and labeling
requirements.

| State | Statute |
|-------|---------|
| Illinois | 410 ILCS § 705/1-1 *et seq.* (Adult Use) |

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

|  | 410 ILCS § 130/1 *et seq.* (Medical) |
|---|---|
| Florida | Fla. Stat. § 381.986 *et seq.* (Medical) |

194.    As alleged in detail herein, Defendants' conduct was misleading to a reasonable consumer in a material way. This conduct impacted Plaintiff's purchasing decisions and the purchasing decisions of the putative Multi-State Consumer Protection Class Members.

195.    Defendants' conduct, as alleged herein, constitutes recurring unlawful deceptive acts and practices and unlawful unfair or unconscionable methods of competition or commercial practices under Illinois and Florida law. Fla. Stat. § 501.204; 815 ILCS 505/2.

196.    Defendants misleadingly, deceptively, unfairly, and unconscionably present their RSO Products as cannabis concentrates meeting the potency requirements of Illinois and Florida.

197.    Plaintiff and Multi-State Consumer Protection Class Members would not have purchased Defendants' RSO Products but for Defendants' deceptive and unfair conduct described herein, as Plaintiff and the Multi-State Consumer Protection Class Members would not and could not have purchased an unlawful product and would have purchased a legally compliant alternative instead (had Defendants made a legally compliant product).

198.    Ultimately, Plaintiff and members of the Multi-State Consumer Protection Class purchased and received products that were, in truth, worthless.

199.    As a direct and proximate cause of Defendants' conduct, Plaintiff and the Multi-State Consumer Protection Class are entitled to damages in an amount to be proven at trial, reasonable attorneys' fees, and any other penalties or awards that may be appropriate under applicable law.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

## <u>COUNT IV</u>
### Common Law Fraud on behalf of Plaintiff and Classes

200. Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

201. Defendants made continuous representations through their marketing materials and packaging labels that their RSO Products were cannabis concentrates that complied with the Illinois Cannabis Acts and their corresponding laws in Similar States.

202. These representations were false and material.

203. The RSO Products are CIPs that do not comply with the Illinois Cannabis Acts and its corresponding laws in Similar States.

204. Defendants know that the RSO Products they produce are actually CIPs that did not comply with the requirements of the Illinois Cannabis Acts or their corresponding laws in Similar States, and that were prohibited from being sold to Plaintiff and the Classes.

205. Defendants' material misrepresentations operated as an inducement to Plaintiff and the Classes to purchase RSO Products that, except for such inducement, they would not have purchased. It was Defendants' intent that their inducement would lead to consumers like Plaintiff and the Classes purchasing RSO Products thinking that they were cannabis concentrates.

206. Plaintiff and the Classes trusted and relied upon Defendants' marketing materials and package labels to be truthful, and did not know that these materials were false.

207. Plaintiff and the Classes were reasonable in, and had a right to, their reliance on Defendants' omissions and misrepresentations due to the imposition of a strict regulatory regime on Defendants and other cultivators to ensure their knowledge of the laws and products they produce, market, and sell as a matter of public policy.

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

208.     Defendants' material misrepresentations are intentional. Defendants' intent is that consumers like Plaintiff and the Classes purchase their RSO Products, regardless of their illegal nature.

209.     Defendants' material misrepresentation categorizing their RSO Products as cannabis concentrates was also intentional conduct aimed at selling greater volumes of the product by capitalizing on the State of Illinois's and Similar States' higher per transaction limit on sales of cannabis concentrate compared to CIPs (which their RSO Products actually are).

210.     Plaintiff and the Classes suffered harm as a result of Defendants' misrepresentations and omissions.

211.     Plaintiff and the Classes would not have purchased Defendants' RSO Products had Defendants not omitted or concealed their unlawful nature, as they would not and could not have purchased an unlawful product and would have purchased a legally compliant alternative instead (had Defendants made a legally compliant product).

212.     As a direct and proximate cause of Defendants' conduct, Plaintiff and the Classes are entitled to damages in an amount to be proven at trial, reasonable attorneys' fees, and any other penalties or awards that may be appropriate under applicable law.

## <u>COUNT V</u>
**Fraudulent Concealment on behalf of Plaintiff and Classes**

213.     Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

214.     Defendants knew that the RSO Products they produced did not comply with the requirements of the Illinois Cannabis Acts or the corresponding laws in Similar States and were prohibited from being sold to Plaintiff and the Classes.

215.     Defendants' marketing omitted or concealed the fact that their RSO Products were unlawful, and unable to be sold by Defendants, any dispensary, or purchased or possessed by

38

consumers. Defendants' marketing further omitted or concealed the fact that their RSO Products were CIPs, not cannabis concentrate.

216.    As Defendants were required by the Illinois Cannabis Acts and their corresponding laws in Similar States to know the regulations and requirements of the law, they had knowledge that their RSO Products were CIPs and were not in compliance with the Illinois Cannabis Acts, or with the corresponding laws in Similar States.

217.    It was not within reasonably diligent attention, observation, and judgement of Plaintiff and the Putative Classes that Defendants' RSO Products were not only CIPs, but noncompliant with the Illinois Cannabis Acts, or with the corresponding laws in Similar States. That Defendants were actually concealing or suppressing these material facts was not reasonably known to Plaintiff and the Classes given the complex and highly-regulated nature of the cannabis industry.

218.    Defendants concealed and omitted the fact that their RSO Products were actually CIPs with the intention that Plaintiff be misled as to the true condition of the RSO Products – that they do not comply with state cannabis laws.

219.    Plaintiff and the Classes were reasonably misled by Defendants' omissions and concealment of the true nature of their RSO Products.

220.    Defendants' experience and expertise in the cannabis industry, from which position it placed its products into the stream of commerce and marketed them to consumers, placed it in a position of influence and power over Plaintiff and Class Members.

221.    Defendants had a duty to disclose to Plaintiff and Class Members that the RSO Products were cannabis-infused products and that they did not comply with the Illinois Cannabis Acts or corresponding laws in Similar States.

FILED DATE: 12/2/2024 4:16 PM    2024CH10461

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

222.     Plaintiff and the Classes suffered harm as a result of Defendants' omissions and concealment.

223.     Plaintiff and the Classes would not have purchased Defendants' RSO Products had Defendants not omitted or concealed their unlawful nature, as they would not and could not have purchased an unlawful product and would have purchased a legally compliant alternative instead (had Defendants made a legally compliant product).

224.     As a direct and proximate cause of Defendants' conduct, Plaintiff and the Classes are entitled to damages in an amount to be proven at trial, reasonable attorneys' fees, and any other penalties or awards that may be appropriate under applicable law.

## COUNT VI
### Unjust Enrichment on behalf of Plaintiff and Classes

225.     Plaintiff incorporates the foregoing Paragraphs as if fully stated herein.

226.     To the extent that the Court finds that the transactions to sell RSO Products as alleged herein constitute a contract, such contract is *void ab initio* as a contract for the sale of unlawful goods, with non-compliant RSO Products and unlawful cannabis products as the subject of each transaction.

227.     By manufacturing, advertising, marketing, selling, and profiting off of the sale of unlawful products to Plaintiff and the Classes, Defendants were unjustly enriched by their unlawful conduct.

228.     Defendants' unjust enrichment occurred to the detriment of Plaintiff and members of the Classes.

229.     The benefit retained by Defendants is far greater than the monies paid by Plaintiff and members of the Classes, as Defendants are not only enriched by the funds which they have received from Plaintiff and members of the Classes in exchange for Defendants' unlawful products,

but Defendants also benefit by reducing what would ordinarily be necessary compliance expenses to ensure their RSO Products are safe and compliant or properly labelled and packaged, further enriching them to the detriment of consumers, including Plaintiff and the Classes.

230.    Defendants have thus been unjustly enriched by at least the amount that Plaintiff and each member of the Classes spent on their RSO Products and any associated interest. It would be unjust to allow Defendants to retain this enrichment.

231.    Defendants' retention of these monetary benefits violates fundamental principles of justice, equity, and good conscience.

232.    Plaintiff and the other members of the Classes are entitled to restitution in the amount by which Defendants have been unjustly enriched to Plaintiff and the members of the Classes' detriments, and an order requiring Defendants to disgorge any additional profits or other benefit they have retained as a result of their unjust and unlawful conduct.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Felix Rodriguez, on behalf of himself and all others similarly situated, respectfully requests that the Court enter an order awarding the following relief as plead in the foregoing and judgment against Defendants as follows:

a. An Order certifying the Classes, defining the Classes as requested herein, appointing Plaintiff as class representative, and appointing his counsel as class counsel;

b. An award of any actual, compensatory, and enhanced damages permitted to Plaintiff and other members of the Classes, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including prejudgment interest thereon;

c. An award of punitive damages for Defendants' intentional, knowing, and/or reckless misconduct and deliberate indifference;

d. An award of reasonable attorneys' fees, costs, and other litigation expenses;

e. An award of pre- and post-judgment interest as available under law;

41

FILED DATE: 12/2/2024 4:16 PM    2024CH10461

FILED DATE: 12/2/2024 4:16 PM   2024CH10461

f.  The disgorgement of any funds in the amount Defendants were unjustly enriched by their conduct;

g.  Declaratory judgment that Defendants' RSO Products are non-compliant with the CRTA and Medicinal Act, and other applicable laws, rules and regulations, and their manufacture, marketing, and sale of the RSO Products was a deceptive trade practice; and

h.  Such further and other relief as the Court deems just, reasonable, and equitable.


Dated: December 2, 2024                    Respectfully submitted,

**Plaintiff, individually and on behalf of others similarly situated**

By:  /s/ *Laura Luisi*
Laura Luisi (Atty. No. 6321034)
Jamie Holz (Atty. No. 6319247)
Luisi Holz Law
LuisiL@luisiholzlaw.com
HolzJ@luisiholzlaw.com
161 N. Clark St., Ste. 1600
Chicago, Illinois 60601
Firm ID: 101603
Tel: (312) 639-4478


/s/ *Anna M. Ceragioli*
James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Justin M. Caparco
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
jzouras@stephanzouras.com
rstephan@stephanzouras.com
aceragioli@stephanzouras.com
jcaparco@stephanzouras.com

*Attorneys for Plaintiff and the Putative Classes*

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/5/2024 12:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10461
Calendar, 14
30475047

| | |
|---|---|
| **FELIX RODRIGUEZ, individually, and on behalf of all others similarly situated,** )<br><br>)<br><br>) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2024CH10461** |
| **v.** ) | |
| ) | **Honorable Clare J. Quish** |
| **CRESCO LABS, INC.; CRESCO LABS, LLC; CRESCO U.S. CORP.; CRESCO EDIBLES, LLC; TSC CRESCO, LLC; CRESCO LABS JOLIET, LLC; CRESCO LABS KANKAKEE, LLC; CRESCO LABS LOGAN, LLC; CRESCO LABS NOTES ISSUER, LLC,** )<br>)<br>)<br>)<br>) | |
| **Defendants.** | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Felix Rodriguez ("Plaintiff"), by his undersigned counsel, Stephan Zouras, LLC and Luisi Holz Law, moves, pursuant to 735 ILCS § 5/2-801 and Illinois Supreme Court Rule 201, to certify a class and, alternatively, to request discovery on certification issues from Defendants Cresco Labs, Inc., Cresco Labs, LLC, Cresco U.S. Corp., Cresco Edibles, LLC, TSC Cresco, LLC, Cresco Labs Joliet, LLC, Cresco Labs Kankakee, LLC, Cresco Labs Logan, LLC, and Cresco Labs Notes Issuer, LLC (collectively "Defendants" or "Cresco"), which Plaintiff alleges systematically violated the Illinois Uniform Deceptive Trade Practices (815 ILCS 510/1 *et seq.*), the Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq.*) and similar laws in Florida, and committed common law torts of fraud, fraudulent concealment and unjust enrichment, and is seeking damages, declaratory judgment, and other relief.

1

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## I.       INTRODUCTION

Plaintiff seeks to certify a class consisting of up to thousands of similarly-situated consumers who purchased Defendants' Cresco and Remedi RSO brand products ("RSO Products") in the States of Illinois and Florida, as such products were sold, labeled, advertised, and/or marketed by Defendants as cannabis concentrates that were compliant with Florida and Illinois cannabis laws, when in fact the products were edible cannabis-infused products containing illegally high levels of THC per container and per dosage.

The question of liability in this matter is a legal question that can be answered in one fell swoop. Because Plaintiff's and the Class Members' claims all arise from Defendant's uniform policies and practices, they satisfy the requirement of 735 ILCS § 5/2-801 and should be certified. *See P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (2004) (when the primary factual issue of a case is a "uniform practice that allegedly violated the Consumer Fraud Act in the same manner as to all class members," the "propriety of such a uniform practice is amenable to being resolved in a class action").

Plaintiff moves for class certification to protect members of the proposed Class - individuals who suffered damages as a result of Defendants' fraudulent and illegal conduct. Plaintiff believes that the evidence and argument submitted within this Motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendant) wishes for the Parties to undertake formal discovery prior to the Court's consideration of this Motion, Plaintiff requests that the Court defer briefing deadlines and allow Plaintiff(s) to supplement this Motion following the conclusion of discovery.

## II.      RELEVANT BACKGROUND

Plaintiff filed this class action against Defendants on December 2, 2024 to redress the harm caused by purchasing Defendants' illegal RSO Products. In the Complaint, Plaintiff provided

2

detailed allegations that Defendants manufacture and sell or have sold improperly labeled RSO Products in single packages that are almost 5 times the legal per-package THC limit for cannabis-infused products ("CIPs") and which, in a single product, exceed the personal possession limit for out-of-state consumers in Illinois. *See* Compl., ¶ 3.

Under Illinois law, CIPs intended for consumption, like the RSO Products, are not allowed to contain more than 100 milligrams of THC per package, with individual doses limited to 10 milligrams each. 8 ILAC 1000.420(f); 8 ILAC 1300.920(d); 410 ILCS 705/55-21(k). *Id.* ¶ 6. Likewise, Florida law limits RSO Products to no more than 200 milligrams per package, with doses limited to 10 milligrams each. Fla. Admin. Code Ann. R. 64ER22-8. *Id.* ¶ 10. Despite this, Defendants' RSO Products universally exceed this legal limit in each of these States by marketing and presenting their RSO Products as cannabis concentrates. *Id.* ¶ 11. In other words, although Defendants' RSO Products are CIPs, which have statutorily set per-package and per-dosage limits in Illinois and Florida, Defendants' deceptively market their products as *cannabis concentrates* (instead of CIPs) because it allows Defendants to avoid per-package and per-dosage limits and, as a result, enhance their sales and profits. *Id.* ¶¶ 12 - 15.

Plaintiff Felix Rodriguez purchased Defendants' 0.5 gram Remedi "Rest" RSO Product on or around August 10, 2023. *Id.* ¶¶ 114 - 115. Defendants' RSO Products were listed as cannabis concentrates, with no indication that the products were actually edible (making them, inherently, CIPs), both on Defendants' own dispensary websites and the websites of third-party dispensaries. *Id.* ¶ 116. Plaintiff relied on Defendants' representations and the representations of Defendants' agents, representatives, and others with authority to act on their behalf that Defendants' products were compliant and safe, based on Defendants holding themselves out as licensed cannabis companies subject to robust regulatory structures, in addition to the information on the product

FILED DATE: 12/5/2024 12:21 PM    2024CH10461

packages and dispensary websites, and reasonably assumed that Defendants' RSO Products were legally compliant. *Id.* ¶ 119.

In reality, the RSO Product purchased by Plaintiff contained *over three times* the amount of THC allowed for a single CIP product under Illinois law. *Id.* ¶ 122. At the time, Plaintiff did not know that Defendants' RSO Products, including the product he purchased, were in fact *not* compliant with the law. *Id.* ¶ 124. Plaintiff was misled and harmed by Defendants' conduct and would not have purchased the product had he known it was illegal. The product is substantially less valuable (and in fact worthless) because it is illegal. *Id.* ¶¶ 125-127.

Defendants' misrepresentations, acts, and practices constitute deceptive trade practices, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (*see id.*, Count I), the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* (*see id.*, Count II), and Illinois and Florida's Consumer Protections Acts, 815 ILCS § 501/1 *et seq.* and Fla. Stat. § 501.201 *et seq. See id.*, Count III. Defendant's continuous, false, material, and intentional misrepresentations operated as an inducement for Plaintiff and similarly situated consumers to purchase RSO Products, constituting common law fraud. *See id.*, Count IV. Defendants had a duty to not sell illegal products and to disclose to Plaintiff and Class Members that the RSO Products were actually CIPs, yet failed to make this disclosure, and instead concealed and omitted this fact from Plaintiff and Class Members, constituting fraudulent concealment. *See id.*, Count V. Finally, to the extent that the Court finds that the transactions to sell RSO Products constitutes a contract, such contract is *void ab initio* as a contract for the sale of unlawful goods, and Defendants were unjustly enriched by the sale of its illegal RSO Products. *See id.*, Count VI.

Plaintiff now seeks class certification for the following Classes of similarly-situated individuals:

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

4

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

<u>Multi-State Consumer Protection Class</u>: All persons who, within the applicable limitations period, purchased Cresco's RSO Products in Illinois or Florida.

<u>Illinois Sub-Class</u>: All persons who, within the applicable limitations period, purchased Cresco's RSO Products in the State of Illinois.

Given Defendants' standard practices as described above, and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this Motion is being filed shortly after the Complaint was filed and before Defendants have responded. The Parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

### III.   STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1)   the class is so numerous that a joinder of all members is impracticable;

(2)   there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3)   the representative parties will fairly and adequately protect the interest of the class; and

(4)   the class action is an appropriate method for the fair and efficient adjudication of the controversy.

5

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS § 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

## IV.   **ARGUMENT**

Plaintiff's claims are especially suited for class certification because Defendants practices related to the marketing, labeling, advertising, and sale of its RSO Products were identical as to all Class Members. All of the putative Class Members in this case bought illegal RSO Products from Defendants throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.   **The Class Is So Numerous that Joinder of All Members Is Impracticable.**

The proposed Classes are so numerous that joinder is impracticable. Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

FILED DATE: 12/5/2024 12:21 PM    2024CH10461

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. Defendants' products are sold at dozens of dispensaries across Illinois and Florida. There is little chance, in light of the number of dispensaries alone, that at least 40 consumers have not purchased Defendants' RSO Products. The class of potential plaintiffs is, on information and belief, in the thousands and, as a result, is sufficiently large to make joinder impracticable. Plaintiff and all similarly-situated individuals were subjected to Defendants' common and uniform policies and practices and purchased Defendants' illegal RSO Products.

The precise number in the class cannot be determined until discovery records are obtained from Defendants and third parties. Nevertheless, class membership can be easily determined by reviewing Defendants' sale records and Defendants' agents,' representatives,' and/or affiliates' sale records that are within Defendants' possession, custody, or control. A review of sale records of Defendants' RSO Products in Illinois and Florida during the class period is all that is needed to determine membership in Plaintiff's proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Hill v. Wells Fargo Bank, N.A.*, No. 12 C 7240, 2015 WL 232127, at *13 (N.D. Ill. Jan. 16, 2015)[1] (rejecting the argument that the class was not ascertainable and that necessary review of files should defeat certification where members could be determined from a "ministerial review" of records); *Lippert v. Baldwin*, No. 10 C 4603, 2017 WL 1545672, at *2 (N.D. Ill. Apr. 28, 2017) (finding that the class was ascertainable even if the parties were

---

[1] "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

required to review individual medical files of each class member) (citing *Moreno v. Napolitano*, Case No. 11 C 5452, 2014 WL 4911938, at *6 (N.D. Ill. Sept. 30, 2014) ("[T]he necessity of manually reviewing [tens of thousands of] forms does not preclude certification of the class")).

Once sales records are obtained, the Court will know the precise number of persons affected, which are nearly certain to exceed 40.

Absent certification of this class action, Defendants' consumers may never know that their legal rights have been violated and that they are in fact purchasing illegal RSO Products and, as a result, violating the Illinois cannabis possession laws in many instances. Illinois courts have noted that denial of class certification where 'members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill. App. 3d 445, 452 (5th Dist. 1990). A class action would help ensure that Plaintiff and all other similarly-situated individuals have a means of redress against Defendants for their widespread sale of illegal RSO Products.

> **B.  Common Questions of Law and Fact Predominate Over Any Questions Solely Affecting Individual Class Members.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that a "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common … issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

The relevant legal questions are simple, straightforward, and plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants fraudulently sold illegal RSO Products paraded as legal products to Plaintiff and putative Class Members. Defendants' common practices, including categorizing and advertising its products as cannabis concentrate, as opposed to a CIP, create common issues of law and fact. In fact, the straightforward question of the legality of Defendants' RSO Products is the primary focus of this litigation.

Counts I, II, and III will be resolved in one stroke if this Court determines whether Defendants' sale of a blatantly illegal product and the advertisements and postings related thereto constitute a deceptive trade practice. Once this Court determines whether Defendants' misrepresentations that their products were legal constitutes a false, material, and intentional misrepresentation that induced consumers to purchase the product, liability to Count IV shall also be resolved. Similarly, Count V shall be resolved upon a ruling from the Court regarding whether Defendants had a duty to disclose that it was deceptively selling illegal products. The material facts and issues of law are substantially the same for the Class Members, and therefore, these common issues could be tried such that proof as to one claimant could be proof as to all Class Members. This alone establishes predominance.

The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class (*i.e.*, the amount each class member paid for the illegal RSO Products). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other Class Members, and thus the commonality and predominance requirements weigh in favor of certification of the Class.

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

**C.**      <u>**The Named Plaintiff and Class Counsel Are Adequate Representatives of the Class.**</u>

Plaintiff Felix Rodriguez, Stephan Zouras, LLC, and Luisi Holz Law are adequate representatives of the Class. When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute and the common law. The class representative, Felix Rodriguez, is a member of the proposed Class and will fairly and adequately protect the Class's interests. Plaintiff, misled by Defendants holding out their RSO Products as legal and compliant, was induced into purchasing an RSO Product from Defendants. Plaintiff was a victim of the same uniform policies and practices of Defendants as the individuals he seeks to represent. Plaintiff is not seeking any relief that is potentially antagonistic to other members of the class. In fact, Plaintiff has the Class Members' interests in mind, as demonstrated by his willingness to sue on a class-wide basis and step forward as the class representative, thereby subjecting himself to discovery and time commitment associated with being a class representative. (*See* Exhibit A – Affidavit of Felix Rodriguez). This qualifies him as a conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLC and Luisi Holz Law, will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. (*See* Exhibit B – Affidavit of Anna M. Ceragioli and the Firm Resume attached thereto as Exhibit B-1; Exhibit C – Affidavit of Laura Luisi and the Firm Resume attached thereto as Exhibit C-1). Stephan Zouras, LLC, are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts. (*Id.*). Luisi Holz Law also have significant experience in the prosecution and defense of class action lawsuits.

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

**D.**     **A Class Action Is the Appropriate Method for Fair and Efficient Adjudication of This Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete*, 345 Ill. App. 3d at 1003. "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claim stems from Defendants' common and uniform policies and practices of selling illegal RSO Products/Edible Oils in a confusing, misleading, and fraudulent manner, resulting in common statutory and common law consumer violations to all Class Members. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear potentially hundreds of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all Class Members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

**E.**    **In the Alternative, the Court Should Permit Supplemental and Deferred Briefing Following Discovery.**

Discovery is not needed for the Court to certify a class in this matter, as Defendants' practices and policies are uniform as to all relevant products on the market and in relation to each consumer who purchased those products. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff a supplemental brief, and defer Defendants' response and Plaintiff's reply. Plaintiff is moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact, including that Defendants are selling a product that is objectively illegal to be sold under the law. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts alleged at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## I.    CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court center an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Felix Rodriguez as Class Representative; (3) appointing Stephan Zouras, LLC and Luisi Holz Law as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the Class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer briefing on this Motion.

Date:   December 5, 2024                                 Respectfully Submitted,

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

By: /s/ *Anna M. Ceragioli*

James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Justin M. Caparco
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560
jzouras@stephanzouras.com
rstephan@stephanzouras.com
aceragioli@stephanzouras.com
jcaparco@stephanzouras.com
Firm ID: 43734

Laura Luisi
Jamie Holz
Luisi Holz Law
LuisiL@luisiholzlaw.com
HolzJ@luisiholzlaw.com
161 N. Clark St., Ste. 1600
Chicago, Illinois 60601
Firm ID: 101603
Tel: (312) 639-4478
Firm ID: 101603

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

13

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on December 5, 2024, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Anna M. Ceragioli*

14

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

FILED
12/5/2024 12:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024CH10461
Calendar, 14
30475047

# EXHIBIT A

Docusign Envelope ID: E46581C9-BBF0-4849-856A-AE4D8BF3ED41

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| **FELIX RODRIGUEZ, individually,** | ) | |
| **and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2024CH10461** |
| **v.** | ) | |
| | ) | **Honorable Clare J. Quish** |
| **CRESCO LABS, INC.; CRESCO LABS, LLC;** | ) | |
| **CRESCO U.S. CORP.; CRESCO EDIBLES,** | ) | |
| **LLC; TSC CRESCO, LLC; CRESCO LABS** | ) | |
| **JOLIET, LLC; CRESCO LABS KANKAKEE,** | ) | |
| **LLC; CRESCO LABS LOGAN, LLC; CRESCO** | ) | |
| **LABS NOTES ISSUER, LLC,** | ) | |
| | | |
| **Defendants.** | | |

## <u>AFFIDAVIT OF FELIX RODRIGUEZ</u>

I, Felix Rodriguez, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representatives in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: 12/5/2024 _____

_____
Felix Rodriguez

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

# EXHIBIT B

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **FELIX RODRIGUEZ, individually,** )<br>**and on behalf of all others similarly situated,** )<br> )<br> **Plaintiff,** )<br> )<br> **v.** )<br> )<br>**CRESCO LABS, INC.; CRESCO LABS, LLC;** )<br>**CRESCO U.S. CORP.; CRESCO EDIBLES,** )<br>**LLC; TSC CRESCO, LLC; CRESCO LABS** )<br>**JOLIET, LLC; CRESCO LABS KANKAKEE,** )<br>**LLC; CRESCO LABS LOGAN, LLC; CRESCO** )<br>**LABS NOTES ISSUER, LLC,** )<br> )<br> **Defendants.** | **Case No. 2024CH10461**<br><br>**Honorable Clare J. Quish** |

### AFFIDAVIT OF ANNA M. CERAGIOLI

I, Anna M. Ceragioli, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Partner of the law firm of Stephan Zouras, LLC. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.


FURTHER YOUR AFFIANT SAYETH NOT.


Date: December 5, 2024                     _/s/ Anna M. Ceragioli_
                                           Anna M. Ceragioli

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

# EXHIBIT B-1

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

# FIRM RESUME



## STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

**Fighting for the Rights of People.** Driven by Justice. Dedicated to **You**.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## FIRM PROFILE

**STEPHAN ZOURAS, LLC** has pioneered groundbreaking class actions that deliver real results - **$500 million to date -** for real people across the United States.



**Stephan Zouras, LLC** has "substantial class action experience [and] have secured multi-million-dollar class recoveries…."

*Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## FIRM PROFILE

**STEPHAN ZOURAS,** LLC is a national law firm that represents ordinary people in complex class actions. Our diverse team of professionals are widely recognized for their vigorous advocacy, skill, integrity and experience litigating wage and hour and other employment disputes, biometric and other data privacy, cybersecurity, consumer protection, and other complex litigation. Federal and state courts routinely appoint our attorneys to lead class actions in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. We try cases to verdict. We establish favorable precedent for employees and consumers on appeal, including two groundbreaking privacy decisions before the Illinois Supreme Court.

Outside the courtroom, our attorneys testify before legislative bodies and work on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States.

We help deliver justice to ordinary workers and consumers – the ones corporate America loves to abuse and take advantage of.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## OUR STORY

When Ryan and Jim founded **Stephan Zouras, LLC** in 2007, they had a vision. They wanted to create a law firm that *empowers* individuals to band together, level the playing field and take on wealthy and powerful corporations who shirk the law and take advantage of American workers and consumers.

Today, that vision is a REALITY.

### EXPERIENCE

Not only are we passionate about what we do, we know what we are doing. Our nationally-renowned legal team brings decades of experience and expertise fighting for the rights of people in federal and state courts throughout the United States. We have established groundbreaking and precedent-setting court decisions, including winning a landmark victory for employees at the United States Supreme Court and two watershed victories for privacy rights at the Illinois Supreme Court.

### DEDICATION

Because we are passionate about what we do, we don't cut corners. We're in it for the long haul, we won't sell out the class for a quick buck, and we have the resources, skill and determination to take cases through trial and defend favorable judgments on appeal. We don't settle until we've pulled out all the stops, turned over every stone, and maximized the results for the class. That means that the class members we've represented – hundreds of thousands of people and counting – have, on average, received hundreds of dollars each in direct payments, with many receiving several times that amount.

### REPUTATION

We are known throughout the legal community as among the most skilled and experienced practitioners in the data privacy and wage and hour fields. In 2023, the Illinois Bar Foundation honored Ryan and Jim with its Champion Award, given each year to an attorney "whose professional and public careers set an example to which others aspire."

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS



### JAMES ZOURAS

is a founding partner of Stephan Zouras, LLC. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped recover hundreds of millions in individual and class actions arising under the federal and state wage and hour laws, biometric privacy and other complex litigation, along with wrongful death and other catastrophic personal injury actions.

He has successfully tried over a dozen major jury trials and argued approximately 20 appeals as lead appellate counsel before federal and state appellate courts, including the Illinois Supreme Court. Jim is frequently invited as a speaker at national class action and trial seminars. In addition to his admission to numerous trial and appellate courts, Jim is a member of the bar of the Supreme Court of the United States.

Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, WVON Radio, Bloomberg BNA, Billboard Magazine, TMZ and CBS Consumer Watch.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ESTABLISHED ENDOWED SCHOLARSHIP FUND AT UNIVERSITY OF ILLINOIS AT CHICAGO; 2021
- INVITED SPEAKER AT NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (IL); 2021
- INVITED SPEAKER AT ILLINOIS INSTITUTE FOR CONTINUING LEGAL EDUCATION; 2018-2022
- INVITED SPEAKER AT ILLINOIS STATE BAR ASSOCIATION; 2018-2019
- INVITED SPEAKER AT ILLINOIS TRIAL LAWYERS ASSOCIATION; 2016
- INVITED SPEAKER AT THE CHICAGO BAR ASSOCIATION; 2008 AND 2016
- INVITED SPEAKER AT THE PRACTICING LAW INSTITUTE; 2012 AND 2015
- INVITED SPEAKER AT THE BRIDGEPORT CONTINUING EDUCATION WAGE AND HOUR SEMINAR; 2012 AND 2014
- EDITOR, ILLINOIS WAGE HOUR TREATISE; 2022
- CONTRIBUTING AUTHOR, AMERICAN BAR ASSOCIATION FEDERAL LABOR STANDARDS LEGISLATION SUBCOMMITTEE, MIDWINTER REPORT; 2016
- HELLENIC BAR ASSOCIATION OF ILLINOIS; 2001-PRESENT

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

- ILLINOIS SUPER LAWYER; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 1997-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION, BOARD OF MANAGERS; 2022-2023
- ILLINOIS STATE BAR ASSOCIATION; 1997-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2007-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER
- SHIRLEY RYAN ABILITYLAB VOLUNTEER

## EDUCATION

- DEPAUL UNIVERSITY COLLEGE OF LAW, J.D. WITH HONOR, ORDER OF THE COIF, [1995]
- UNIVERSITY OF ILLINOIS CHICAGO, POLITICAL SCIENCE, WITH DISTINCTION [1992]



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## PRINCIPAL ATTORNEYS



### RYAN STEPHAN

is a founding partner of Stephan Zouras, LLC.  Throughout his career, Ryan has been a passionate advocate for worker and consumer rights, and has helped hundreds of thousands of everyday people recover damages in unpaid overtime, privacy claims, employment disputes, business litigation, products liability and personal injury cases.  Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay.

Ryan has also served as lead or co-lead counsel on hundreds of complex class and collective action cases involving privacy issues, wage and hour matters and consumer fraud claims, amongst others, and has helped recover over $250 Million for hundreds of thousands of people. In these cases, Ryan has helped establish precedent in both privacy and wage and hour law, forced major corporations to change unlawful employment practices and helped recover hundreds of millions of dollars for his clients.

Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- AMERICAN ASSOCIATION FOR JUSTICE; 2020-PRESENT
- AMERICAN BAR ASSOCIATION; 2007-PRESENT
- CHICAGO LIGHTS TUTOR; 2009-2010
- CHICAGO CARES TUTOR; 2008-2009
- FEED MY STARVING CHILDREN VOLUNTEER; 2014-2015
- ILLINOIS STATE BAR ASSOCIATION; 2000-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION BOARD OF ADVOCATES; 2022-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT

## EDUCATION

- CHICAGO KENT COLLEGE OF LAW, J.D., [2000]
- UNIVERSITY OF ILLINOIS URBANA-CHAMPAIGN, B.A., POLITICAL SCIENCE, [1996]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

Ryan and Jim are admitted to the Supreme Court of the United States, the United States Court of Appeals for the First, Third and Seventh Circuits, and the Trial Bar of the United States District Court for the Northern District of Illinois. Ryan and Jim are admitted to practice in the Northern, Central and Southern Districts of Illinois, the United States Bankruptcy Court for the Northern District of Illinois, and are generally admitted to practice in the District Court of Colorado, the Eastern District of Michigan and the Eastern District of Wisconsin.

In addition, they have been admitted pro hac vice in the United States District Courts for the District of Alaska, the District of Arizona, the District of Columbia, the Northern, Central and Southern Districts of California, the Superior Court for the State of California, the District Court of Columbia, the Northern, Middle and Southern Districts of Florida, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the Western District of Kentucky, the District Court of Maryland, the District Court of Massachusetts, the District Court of Minnesota, the Eastern and Western Districts of Missouri, the District Court of New Mexico, the Southern and Eastern Districts of New York, the District Court of New Jersey, the Eastern and Middle Districts of Pennsylvania, the First Judicial District of Pennsylvania, the Eastern, Middle and Western Districts of North Carolina, the Southern District of Ohio, the District Court of Oregon, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, the Northern and Southern Districts of Texas, and the Western District of Washington.

In every consecutive year since 2009, Chicago Magazine's Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM  2024CH10461

## PARTNERS



### ANDREW FICZKO

A tireless fighter for working people, Andy has spent his entire professional career focusing on Employment Litigation and has represented thousands of employees in class, collective and individual actions nationwide and has recovered hundreds of thousands of dollars in unpaid minimum wages, overtime compensation, and other benefits.

Andy has been recognized by Chicago Magazine's Super Lawyers section as a Rising Star and Super Lawyer for eight consecutive years, a distinction given to no more than 5% of Illinois lawyer. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter.

Andy is admitted to the United States Supreme Court, the United States District Court for the Seventh Circuit, the United States Bankruptcy Court for the Northern District of Illinois, the Trial Bar of the United States District Court for the Northern District of Illinois, and is generally admitted to the District Court of Colorado. Andy has been admitted pro hac vice to the District of Alaska, the Central and Northern Districts of California, the District of Columbia, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the District of Massachusetts, the Western District of Missouri, the Southern District of New York, the Middle and Western Districts of North Carolina, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Northern and Southern Districts of Texas, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NORTHERN DISTRICT OF ILLINOIS TRAIL BAR ASSOCIATION; 2010-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER; 2012

## EDUCATION

- DRAKE UNIVERSITY LAW SCHOOL, J.D., [2009]
- LAFAYETTE COLLEGE, B.S., PSYCHOLOGY, [2002]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM    2024CH10461

## PARTNERS



### TERESA BECVAR

A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination.

Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review. Since 2019, Teresa has served on the Advocacy Council Leadership Committee for Women Employed, an Illinois nonprofit that advocates for the advancement of working women through fair workplaces and education opportunities. Every year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

Teresa is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Northern District of Illinois, the United States Court of Appeals for the Third and Seventh Circuits, and is generally admitted to the District Court of Colorado. She has been admitted pro hac vice to the District Court of Arizona, the Northern District of California, the Superior Court for the State of California, the Middle District of Florida, the District Court of New Mexico, the Eastern and Southern Districts of New York, the Western District of North Carolina, the Northern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ABA/BNA AGE DISCRIMINATION IN EMPLOYMENT LAW SUPPLEMENT, CHAPTER EDITOR; 2016-PRESENT
- AMERICAN ASSOCIATION FOR JUSTICE; 2019-PRESENT
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- FEDERAL BAR ASSOCIATION; 2012-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS TRIAL LAWYER ASSOCIATION; 2017-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2021-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., CUM LAUDE, [2013]
- UNIVERSITY OF CHICAGO, B.A., CINEMA AND MEDIA STUDIES, [2002]

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### CATHERINE MITCHELL-DUFFY

is a staunch advocate for individual rights, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, improper wage deduction, Employee Retirement Income Security Act (ERISA) violations, antitrust, and consumer fraud. Katie is also a member of the legal team pursuing claims on behalf of employees and consumers for violations of the Illinois Biometric Privacy Act (BIPA). Her broad knowledge in such areas helps clients understand their rights and recover damages when laws are violated.

Katie is admitted to practice in Illinois, the United States District Courts for the Central, Northern and Southern Districts of Illinois, and is generally admitted to the District Court of Colorado and the Eastern District of Wisconsin. She has been admitted pro hac vice to the District of Arizona, the Northern District of California, the Southern District of Iowa, the Middle District of Florida, the District Court of Minnesota, the Fourth Judicial District for the State of Minnesota, the Eastern and Western Districts of North Carolina, the District of New Mexico, the Eastern and Southern Districts of New York, the Eastern District of Pennsylvania, and the United States Court of Appeals for the Seventh Circuit.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHAPTER EDITOR, BUREAU OF NATIONAL AFFAIRS AGE DISCRIMINATION IN EMPLOYMENT ACT TREATISE, 2D ED.; 2016
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2015-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- SAINT MARY'S COLLEGE CHICAGO EAST ALUMNAE CLUB MEMBER; 2012-PRESENT
- VICE CHAIR, YLS MOOT COURT COMPETITION COMMITTEE; 2016-2019
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2015-PRESENT
- YOUNG LAWYERS SOCIETY OF THE CHICAGO BAR ASSOCIATION; 2014-PRESENT

## EDUCATION

- THE JOHN MARSHALL LAW SCHOOL, J.D., [2015]
- SAINT MARY'S COLLEGE, B.A., POLITICAL SCIENCE & PSYCHOLOGY, [2012]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM    2024CH10461

## PARTNERS



### ANNA CERAGIOLI

started her career at Stephan Zouras in 2017 when she worked as a law clerk. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, tip-pool violations, retaliation, biometric privacy violations, and RICO violations. As the assisting attorney in one of the first in-person jury trials for unpaid wages following the COVID-19 pandemic, Anna obtained a verdict and corresponding six-figure damages award on behalf of one of her clients. Anna achieved the first ruling in the state of Illinois awarding treble damages over and above liquidated damages for claims brought under the Illinois Minimum Wage Law and the Fair Labor Standards Act – a landmark ruling for employee rights.

Anna has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society.

Anna is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Central and Southern Districts of Illinois, and the United States Court of Appeals for the Seventh Circuit. She has also been admitted pro hac vice to the Northern District of California, the Eastern District of New York, the Northern District of Ohio, the Eastern District of Pennsylvania and Court of Common Pleas for the State of Ohio.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION YLS MOOT COURT COMMITTEE; 2019-2021
- CHICAGO BAR ASSOCIATION; 2018-PRESENT
- CHICAGO-KENT BAR AND GAVEL SOCIETY; 2018 INDUCTEE
- CHICAGO-KENT MOOT COURT HONOR SOCIETY, PRESIDENT AND MEMBER; 2016-2018
- CHICAGO-KENT JUSTINIAN SOCIETY, SECRETARY; 2016-2018
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2022
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2018-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., [2018]
- MARQUETTE UNIVERSITY, B.A., CUM LAUDE, ENGLISH [2013]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

## ASSOCIATES



### MICHAEL CASAS

joined the Stephan Zouras team as a law clerk in 2020, with a passion and dedication for vindicating Illinois citizens' rights under the Illinois Biometric Information Privacy Act (BIPA). Since joining the Stephan Zouras legal team, Michael has assisted in trailblazing actions involving BIPA, employee misclassification, breach of contract, unpaid wages, personal injury, and employment discrimination claims.

Michael graduated cum laude from the University of Illinois – Chicago School of Law, where he was a member of the Dean's List, and a published member of the UIC Law Review. While in law school, Michael served as a Student Attorney for the Community Enterprise & Solidarity Economy Clinic where he consulted small business owners on corporate entity registration and regulatory compliance with Illinois cannabis license applications.

Michael earned his undergraduate degree from the University of Illinois – Urbana/Champaign, where he graduated with a degree in Finance.

Michael is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2022 – PRESENT
- AUXILIARY BOARD MEMBER – ONWARD NEIGHBORHOOD HOUSE; 2020 – PRESENT

## EDUCATION

- UNIVERSITY OF ILLINOIS - CHICAGO SCHOOL OF LAW, J.D., CUM LAUDE [2022]
- UNIVERSITY OF ILLINOIS - URBANA-CHAMPAIGN, B.S., FINANCE [2017]

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### MOLLY STEMPER

has dedicated her career to the vindication of employee and consumer rights. She began her career prosecuting individual employment discrimination actions before the Northern District of Illinois, the Equal Employment Opportunity Commission, and Illinois Department of Human Rights. In 2017, she joined a widely regarded plaintiff-side class action firm where she helped negotiate seven and eight figure settlements on behalf of consumers for violations of the Telephone Consumer Protection Act (TCPA) committed by national and international pharmaceutical companies and other for-profit healthcare corporations. She was also instrumental in securing hundreds of millions of dollars for nationwide class members whose rights were violated under various state and federal consumer protection and privacy laws.

Molly joined the Stephan Zouras team in 2023, where she and her colleagues represent individuals and groups of people whose rights have been violated by corporate injustice, abuse, and greed. She is a proud "Double Demon," obtaining her bachelor's and legal degrees from DePaul University in Chicago in 2011 and 2015, respectively. In 2013, Molly also studied law at the University College of Dublin, where she focused on European and international law.

Molly is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois and is generally admitted to the Eastern District of Michigan. She has also been admitted pro hac vice to the United States District Court of Arizona, the Central and Northern Districts of California, the Southern District of Florida, and the Eastern District of Pennsylvania.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2023 – PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2023 - PRESENT

## EDUCATION

- DEPAUL UNIVERSITY COLLEGE OF LAW, J.D. [2015]
- DEPAUL UNIVERSITY, B.A. POLITICAL SCIENCE [2011]

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### JUSTIN CAPARCO

is an associate at Stephan Zouras, supporting class action litigation across the firm's complex litigation practice. He represents classes of individuals in areas such as privacy, employment, consumer protection, and mass torts.

Before joining Stephan Zouras, Justin was a defense attorney representing clients through all stages of litigation – from pre-suit investigation, to mediation, through trial and appeal. He also significantly assisted in the firm's pro bono practice. Prior to that, he worked at a plaintiff-side firm assisting in cutting-edge litigation in areas such as consumer protection, biometric privacy, data breaches, products liability, and mass torts.

Justin is a member of the Illinois and Indiana Bar Associations.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2022 – PRESENT
- CHICAGO BAR ASSOCIATION; 2022 - PRESENT

## EDUCATION

- UNIVERSITY OF WISCOSIN LAW SCHOOL, J.D. [2022]
- RHODE ISLAND COLLEGE, B.A. ECONOMICS & PHILOSOPHY [2018]



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### DANIELLE SWEET

began her legal career as an attorney with the Louisville Metro Public Defender, where she defended the constitutional rights of her clients. There, she had the unique opportunity to sit second chair in a nationally televised murder trial in her first years of practice. In 2021, Danielle continued her career as defense attorney, shifting her practice to civil litigation.

Danielle is an outstanding litigator who brings her unique background and experience to help Stephan Zouras continue securing justice for people. At Stephan Zouras, Danielle will help continue the SZ legacy of protecting the rights of ordinary workers and consumers, in data privacy, cybersecurity, wage and hour, consumer fraud and complex class actions.

Danielle is a member of the Illinois and Kentucky Bar Associations, and the United States District Court for the Eastern and Western Districts of Kentucky.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- KENTUCKY BAR ASSOCIATION; 2019 – PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2023 - PRESENT

## EDUCATION

- INDIANA UNIVERSITY MAURER SCHOOL OF LAW, J.D. [2019]
- INDIANA UNIVERSITY, B.S. PYSCHOLOGY [2014]

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL



### DAVID J. COHEN

is a highly skilled and successful class-action attorney who joined Stephan Zouras, LLC in 2016. Dave manages our Philadelphia office and has spent his entire career fighting to protect the rights of thousands of healthcare professionals, restaurant workers, transportation workers, IT professionals, shareholders, union members and consumers.

Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he helped to develop a respected and efficient system to resolve the Court's class action cases and contributed to several well-regarded works on class actions.

Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program.

Dave is a member of the Pennsylvania and New Jersey Bar Associations, and has been admitted to practice in many courts nationwide, including: the United States Courts of Appeals for the Third and Sixth Circuits and the District Courts of California, Florida, Illinois, Michigan, New Jersey, New York, Pennsylvania, Tennessee and the District of Columbia.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2017-PRESENT
- UNIVERSITY OF CHICAGO ALUMNI INTERVIEWER; 1994-PRESENT
- PENNSYLVANIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- PHILADELPHIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- UNION LEAGUE OF PHILADELPHIA MEMBER; 2001-PRESENT
- STREET TAILS ANIMAL RESCUE FOSTER CARE SPONSOR; 2014-PRESENT
- UNIVERSITY OF CHICAGO "WISR" ALUMNI MENTORING NETWORK; 2017-PRESENT
- PHILADELPHIA BAR ASSOCIATION LEGAL-LINE VOLUNTEER; 2015-2020
- FOUNDATION FOR FIRST RESPONDERS AND FIREFIGHTERS SPONSOR; 1994-2020
- AMERICAN BAR ASSOCIATION MEMBER;1994-2015
- HEAD HOUSE CONSERVANCY BOARD MEMBER; 2008-2015

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL

- AIDS SERVICES IN ASIAN COMMUNITIES (ASAIC) SPONSOR; 1994-2014
- FRIENDS OF INGLIS HOUSE VOLUNTEER; 2001-2014
- OLD CITY CIVIC ASSOCIATION BOARD MEMBER, EXECUTIVE COMMITTEE MEMBER AND SECRETARY; 2002-2014
- TEMPLE UNIVERSITY BEASLEY SCHOOL OF LAW MOOT COURT HONOR SOCIETY JUDGE; 2002-2011

## EDUCATION

- TEMPLE UNIVERSITY SCHOOL OF LAW, J.D. [1994]
- UNIVERSITY OF CHICAGO, B.A. CUM LAUDE [1991]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM  2024CH10461

## Representative Trials, Verdicts and Judgments

| CASE | COURT | JUDGMENT |
|---|---|---|
| Meadows v. NCR Corporation | Northern District of Illinois<br>No. 16-cv-06221 | 5/21/2021 - Jury Verdict (Plaintiff)<br>7/09/2021 - Trial Court Judgment<br>**$225,000** |
| Retaliation Arbitrations | American Arbitration Association<br>Redacted for Confidentiality | 2/2019 & 9/2020 - Arbitration<br>Judgment - **$400,000** |
| Ray v. DISH Network | American Arbitration Association<br>No. 01-15-0003-4651 | 3/17/2019 – Arbitration Judgment<br>**$3,250,000** |
| Franco v. Ideal Mortgage Bankers<br>d/b/a Lend America | Eastern District of New York<br>No. 07-cv-3956 | 12/14/2017 – Trial Court Judgment<br>**$15,200,000** |
| Frisari v. DISH Network | American Arbitration Association<br>No. 18-160-001431-12 | 8/25/2016 - Arbitration Judgment<br>**$2,500,000** |
| Huskey v . Ethicon, Inc. | Southern District of West Virginia<br>No. 2:12-cv-05201 | 9/10/2014 - Jury Verdict (Plaintiff)<br>**$3,270,000** |
| Lee v. THR & Associates, Inc. | Central District of Illinois<br>No. 12-cv-3078 | 5/22/2014 - Trial Court Judgment<br>**$12,200,000** |
| Daniels v. Premium Capital Funding | Eastern District of New York<br>No. 08-cv-4736 | 10/18/2011 - Jury Verdict (Plaintiff)<br>**$9,000,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Boyd v. Lazer Spot, Inc. | Northern District of Illinois No. 2018-CV-08173 | 1/31/2024 - Final Approval **$1,750,000** |
| Wagner v. Speedway, LLC | Northern District of Illinois No. 2020-CV-3014 | 1/23/2024 - Final Approval **$583,000** |
| Purnell v. ASG Staffing, Inc. | Circuit Court of Cook County, IL No. 2021-CH-00991 | 1/03/2024 - Final Approval **$4,900,000** |
| Staubus v. Regents of the University of Minnesota | County of Hennepin, MN No. 27-CV-20-8546 | 12/04/2023 - Final Approval **$3,200,000** |
| Valenzuela v. Flexible Staffing | Circuit Court of Cook County, IL No. 2020-CH-06632 | 10/16/2023 - Final Approval **$2,750,000** |
| Tims v. Black Horse Carries, Inc. | Circuit Court of Cook County, IL No. | 10/04/2023 - Final Approval **$803,000** |
| Wilson v. Magna Exteriors Belvidere | Circuit Court of Boone County, IL No. 2020-L-0039 | 8/18/2023 - Final Approval **$2,300,000** |
| Fulton v. SCR Medical Transport, Inc. | Circuit Court of Cook County, IL No. 2020-CH-00927 | 8/16/2023 - Final Approval **$1,400,000** |
| Krause v. Caputo's Fresh Markets | Circuit Court of Cook County, IL No. 2018-CH-11660 | 7/11/2023- Final Approval **$3,400,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|------|-------|-----------|
| Landa v. MJ Holding Co., LLC | Circuit Court of Cook County, IL<br>No. 2020-CH-05247 | 6/22/2023 - Final Approval<br>**$3,100,000** |
| Figueroa v. Tony's Fresh Market | Circuit Court of Cook County, IL<br>No. 2018-CH-15728 | 5/01/2023 - Final Approval<br>**$6,600,000** |
| Heard v. Omnicell, Inc. | Circuit Court of Cook County, IL<br>No. 2019-CH-06817 | 4/06/2023 - Final Approval<br>**$4,300,000** |
| Jones v. Medical Advantage Group | Northern District of Illinois<br>No. 2020-CV-07128 | 3/27/2023 - Final Approval<br>**$700,000** |
| Dennis v. Greatland Home Health Services, Inc. | Northern District of Illinois<br>No. 2019-CV-05427 | 3/23/2023 - Final Approval<br>**$975,000** |
| Meegan v. NFI Industries, Inc. | Northern District of Illinois<br>No. 2020-CV-00465 | 3/09/2023 - Final Approval<br>**$3,500,000** |
| Pruitt v. Par-A-Dice Hotel Casino | Circuit Court of Tazewell County, IL<br>No. 2020-L-000003 | 2/22/2023 - Final Approval<br>**$825,000** |
| Roper v. Verizon | Eastern District of Pennsylvania<br>No. 2018-CV-5270 | 1/19/2023 - Final Approval<br>**$1,300,000** |
| Figueroa v. Kronos, Inc. | Northern District of Illinois<br>No. 2019-CV-01306 | 12/20/2022 - Final Approval<br>**$15,300,000** |

FILED DATE: 12/5/2024 12:21 PM   2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Brown v. Weathertech | Circuit Court of Cook County, IL No. 2019-CH-00503 | 9/26/2022 - Final Approval **$1,375,000** |
| Bruhn v. Jewel-Osco | Circuit Court of Cook County, IL No. 2018-CH-01737 | 9/08/2022 - Final Approval **$1,575,000** |
| Meier v. Robert Rohrman, et al. | Circuit Court of Cook County, IL No. 2014-CH-11513 | 5/31/2022 - Final Approval **$855,000** |
| Parsons v. Personnel Staffing Group | Circuit Court of Cook County, IL No. 2020-CH-473 | 3/22/2022 - Final Approval **$4,680,000** |
| Mosby v. The Ingalls Memorial Hospital, et al. | Circuit Court of Cook County, IL No. 2018-CH-05031 | 3/14/2022 - Final Approval **$2,420,000** |
| O'Sullivan v. All Star Management, Inc. | Circuit Court of Cook County, IL No. 2019-CH-11575 | 9/02/2021 - Final Approval **$5,850,000** |
| Sanchez v. Visual Pak | Circuit Court of Cook County, IL No. 2018-CH-02651 | 8/10/2021 - Final Approval **$3,500,000** |
| Ramos v. BOX Acquisitions, LLC | Circuit Court of Cook County, IL No. 2020-CH-03887 | 8/05/2021 - Final Approval **$1,380,000** |
| Bedford v. Lifespace Communities, Inc. | Northern District of Illinois No. 2020-CV-04574 | 5/12/2021 - Final Approval **$987,850** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Heard v. THC - Northshore, Inc. | Circuit Court of Cook County, IL No. 2017-CH-16918 | 5/05/2021 - Final Approval **$2,250,000** |
| Thome v. Novatime Technology, Inc. | Northern District of Illinois No. 2019-CV-06256 | 3/08/2021 - Final Approval **$14,100,000** |
| Kusinski v. ADP, LLC | Circuit Court of Cook County, IL No. 2017-CH-12364 | 2/10/2021 - Final Approval **$25,000,000** |
| Trayes v. Mid-Con Hospitality Group, LLC | Circuit Court of Cook County, IL No. 2019-CH-11117 | 2/03/2021 - Final Approval **$616,500** |
| Collier v. Pete's Fresh Market | Circuit Court of Cook County, IL No. 2019-CH-05125 | 12/03/2020 - Final Approval **$4,200,000** |
| Bryant v. Loews Chicago Hotel, Inc. | Northern District of Illinois No. 2019-CV-03195 | 10/30/2020 - Final Approval **$1,000,000** |
| Bigger v. Facebook, Inc. | Northern District of Illinois No. 2017-CV-7753 | 10/22/2020 - Final Approval **$1,600,000** |
| Thomas v. Kik Custom Products, Inc. | Circuit Court of Cook County, IL No. 2019-CH-02471 | 9/30/2020 - Final Approval **$1,000,000** |
| Gauzza v. Prospect Medical Holdings, Inc. | Eastern District of Pennsylvania No. 2020-cv-03599 | 9/15/2020 - Final Approval **$1,900,000** |
| Trottier v. Summit Staffing | Circuit Court of Cook County, IL No. 2019-CH-02731 | 8/04/2020 - Final Approval **$1,000,000** |
| Thome v. Flexicorps. Inc. | Circuit Court of Cook County, IL No. 2018-CH-01751 | 7/02/2020 - Final Approval **$1,000,000** |

.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

## CASE

Stewart v. First Transit, Inc.

Jordan v. Meridian Bank

George v. Schulte Hospitality Group, Inc.

Watts v. Chicago Lakeshore Hospital

Bey v. Walker HealthCare
and;
Pierce v. Encore Health Resources

Dixon v. The Washington & Jane Smith Home

Bhattacharya v. Capgemini

Carver v. Presence Health Network

Brown v. Health Resource Solutions, Inc.

Eggleston v. USCC Services, LLC

Kaminski v. Bank of America, N.A.

## COURT

Eastern District of Pennsylvania
No. 2018-CV-03768

Eastern District of Pennsylvania
No. 2017-CV-05251

Circuit Court of Cook County, IL
No. 2018-CH-04413

Circuit Court of Cook County, IL
No. 2017-CH-12756

Southern District of Texas
No. 19-cv-00060
No. 18-cv-04736

Northern District of Illinois
No. 2017-CV-08033

Northern District of Illinois
No. 2016-CV-07950

Northern District of Illinois
No. 15-cv-02905

Northern District of Illinois
No. 16-cv-10667

Northern District of Illinois
No. 16-cv-06775

Northern District of Illinois
No. 16-cv-10844

## SETTLEMENT

12/30/2019 - Final Approval
**$1,000,000**

12/19/2019 - Final Approval
**$1,000,000**

12/16/2019 - Final Approval
**$1,000,000**

11/13/2019 - Final Approval
**$858,000**

9/19/2019 - Final Approval
**$2,400,000**

8/20/2019 - Final Approval
**$1,350,000**

11/13/18 - Final Approval
**$990,000**

7/10/18 – Final Approval
**$20,000,000**

4/20/18 – Final Approval
**$900,000**

2/16/18 – Final Approval
**$1,250,000**

2/15/18 – Final Approval
**$850,000**

FILED DATE: 12/5/2024 12:21 PM  2024CH10461



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Donoghue v. Verizon Communications, Inc. | Eastern District of Pennsylvania No. 16-cv-4742 | 11/16/17 – Final Approval **$800,000** |
| Tompkins v. Farmers Insurance Exchange | Eastern District of Pennsylvania No. 14-cv-3737 | 9/27/17 – Final Approval **$775,000** |
| In re Sears Holdings Corporation Stockholder and Derivative Litigation | Court of Chancery of the State of Delaware, No. 11081-VCL | 5/9/17 – Final Approval **$40,000,000** |
| Hauser v. Alexian Brothers Home Health | Northern District of Illinois No. 15-cv-6462 | 4/06/17 – Final Approval **$1,000,000** |
| Leiner v. Johnson & Johnson | Northern District of Illinois No. 15-cv-5876 | 1/31/17 – Final Approval **$5,000,000** |
| Reed v. Friendly's Ice Cream, LLC | Middle District of Pennsylvania No. 15-cv-00298 | 1/31/17 – Final Approval **$3,500,000** |
| Cook v. Bank of America | Northern District of Illinois No. 15-cv-07718 | 8/2/16 – Final Approval **$3,250,000** |
| Lukas v. Advocate Health Care | Northern District of Illinois No. 14-cv-2740 | 6/29/16 – Final Approval **$4,750,000** |
| Price v. NCR Corporation | American Arbitration Association No. 51-610-908-12 | 3/18/15 – Final Approval **$2,950,000** |
| Jones v. Judge Technical Services Inc. | Eastern District of Pennsylvania No. 11-cv-6910 | 12/15/14 – Final Approval **$1,220,000** |
| Ord v. First National Bank of Pennsylvania | Western District of Pennsylvania No. 12-cv-766 | 6/21/13 – Final Approval **$3,000,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Pomphrett v. American Home Bank | Eastern District of Pennsylvania No. 12-cv-2511 | 3/14/13 – Final Approval **$2,400,000** |
| Glatts v. Crozer-Keystone Health System | Philadelphia Court of Common Pleas, No. 0904-1314 | 2/06/13 – Final Approval **$1,200,000** |
| Turner v. Mercy Health System | Philadelphia Court of Common Pleas, No. 0801-3670 | 4/20/11 – Final Approval **$2,750,000** |
| Perez v. RadioShack Corporation | Northern District of Illinois No. 02-cv-7884 | 9/14/07 - Final Approval **$9,000,000** |

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

# EXHIBIT C

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| **FELIX RODRIGUEZ, individually,** | ) | |
| **and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2024CH10461** |
| **v.** | ) | |
| | ) | **Honorable Clare J. Quish** |
| **CRESCO LABS, INC.; CRESCO LABS, LLC;** | ) | |
| **CRESCO U.S. CORP.; CRESCO EDIBLES,** | ) | |
| **LLC; TSC CRESCO, LLC; CRESCO LABS** | ) | |
| **JOLIET, LLC; CRESCO LABS KANKAKEE,** | ) | |
| **LLC; CRESCO LABS LOGAN, LLC; CRESCO** | | |
| **LABS NOTES ISSUER, LLC,** | | |
| | | |
| **Defendants.** | | |


### AFFIDAVIT OF LAURA LUISI

I, Laura Luisi, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Founding Partner of the law firm Luisi Holz Law. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.


FURTHER YOUR AFFIANT SAYETH NOT.


Date: December 5, 2024                    _/s/ Laura Luisi_____
                                         Laura Luisi

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

# EXHIBIT C-1

**Luisi Holz Law**



# LUISI HOLZ LAW FIRM PROFILE

**LUISI HOLZ LAW** is an Illinois-based firm that aids clients in complex class and individual litigation. The firm combines years of experience in litigating individual, class, and collective actions, and advising businesses on myriad regulatory and administrative matters to provide vigorous advocacy for consumers and employees. The firm's founding partners, Laura Luisi, and Jamie J.R. Holz, are committed to providing such advocacy in rapidly-developing areas of the law and the pursuit of groundbreaking results for their clients.

**LAURA LUISI** is a founding member of Luisi Holz Law. Laura is a highly accomplished attorney with a proven track record as lead or co-counsel in numerous national class and collective actions. She is a zealous advocate for the rights of workers and consumers, consistently championing the interests of those who have faced systemic injustices or widespread harm. Her class action work has spanned industries and issues, from addressing unfair employment practices and wage violations, to holding corporations accountable for deceptive practices and consumer protection violations. Laura's thorough understanding of complex litigation strategy, combined with her passion for justice, ensures that the voices of workers and consumers are heard and their rights upheld. Laura has served as lead or co-counsel on dozens of class and collective actions brought pursuant to State and Federal law, including the Fair Labor Standards Act and comparable State legislation, Illinois Cannabis Regulation and Tax Act, and First Amendment of the Constitution of the United States.

In addition to her own practice, Laura has been instrumental in advancing access to justice through the development of pro bono programs at national law firms. These programs include legal clinics that provide vital services to indigent individuals, addressing pressing needs in underserved communities. Laura's combination of litigation skill, unwavering dedication to her clients, and commitment to systemic change uniquely positions her to act as representative of classes of individuals.

Laura has been recognized as an Illinois Super Lawyer "Rising Star" and The Best Lawyers in America "Ones to Watch."

**JAMIE J.R. HOLZ** is a founding member of Luisi Holz, LLC. Jamie's career has ranged from consumer class actions to advising on international mergers and acquisitions. Jamie's class action work has spanned industries and issues, seeking to hold corporations accountable for their deceptive practices and consumer protection violations under various State and federal laws. Jamie has also advised on numerous mergers and acquisitions on an

FILED DATE: 12/5/2024 12:21 PM 2024CH10461

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

international scale. Jamie combines this experience in advocating for his clients in complex and new areas of law. Jamie graduated magna.cum.laude.from the University of Illinois, Chicago, School of Law where he served as a member of the Law Review. Jamie began his career litigating consumer class actions before receiving an LLM in Tax with honors from Northwestern Prtizker School of Law. Jamie is a retired member of the United States Army and also advocates for veterans' rights.

**REPRESENTATIVE CASES** The attorneys of Luisi Holz Law participated in the following cases as lead or co-counsel:

**Godinez v. Episcope Mart, LLC et al.**
United States District Court, Northern District of Illinois, 2024-cv-05968

**Wrinkle v. Hoya Optical Labs of America, Inc.**
United States District Court, Southern District of Illinois, 2023-cv-03308

**Hudgins v. The David Lynch Foundation and City of Chicago**
United States District Court, Northern District of Illinois, 2023-cv-00218

**Ford v. U.S. Foods, Inc.**
United States District Court, Northern District of Illinois, 2019-cv-05967

**Taylor v. The Chicago Transit Authority**
United States District Court, Northern District of Illinois, 2018-cv-05968

**Rafferty v. Johnson & Johnson et al.**
United States District Court, Northern District of Illinois, 2018-cv-04199

**Rush et al. v. Eldorado Resorts, Inc. et al.**
United States District Court, Northern District of Illinois, 2018-cv-07893

**Fanslau et al. v. Eco Shield Pest Control Chicago, LLC et al.**
United States District Court, Northern District of Illinois, 2018-cv-07181

**Raquedan et al. v. Volume Services, Inc., et al.**
United States District Court, Northern District of Illinois, 2018-cv-01139-LHK

**Thompson v. Centerplate of Delaware, Inc., et al.**
United States District Court, Northern District of Illinois, 2016-cv-01486-EJD

FILED DATE: 12/5/2024 12:21 PM   2024CH10461

**Allchin et al. v. Volume Services, Inc.**
United States District Court, Northern District of Illinois, 2016-cv-00488-H-KSC

**Balderrama-Baca et al. v. Clarence Davids and Company**
United States District Court, Northern District of Illinois, 2015-cv-07359

**Simmons v. Charter Communications**
United States District Court, District of Connecticut, 2015-cv-00317

**Wojcik v. Crown Castle USA, Inc.**
United States District Court, Northern District of Illinois, 2015-cv-02612

**Margo v. Double Down Interactive**
Circuit Court of Cook County, 2015-CH-060608

**Mason v. Machine Zone, Inc.**
United States District Court, District of Maryland, 2015-cv-01107

**Soto et al v. Sky Union, LLC**
United States District Court, Northern District of Illinois, 2015-cv-04768

**Martin Brendon v. Amer Sports Winter**
Circuit Court of Cook County, 2015-CH-10239

**Ristic v. Machine Zone, Inc.**
United States District Court, Northern District of Illinois, 2015-cv-08996

**Abdeljawad v. Galardi Group, Inc.**
United States District Court, Central District of Illinois, 2015-cv-02265

**Jeffrey v. Manasseh Jordan Ministries**
United States District Court, Northern District of Illinois 2016-cv-02106