# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 25 C 633 |
| CRESCO LABS, INC.; CRESCO LABS, LLC; CRESCO U.S. CORP.; CRESCO EDIBLES, LLC; TSC CRESCO, LLC; CRESCO LABS JOLIET, LLC; CRESCO LABS KANKAKEE, LLC; CRESCO LABS LOGAN, LLC; CRESCO LABS NOTES ISSUER, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

**CHARLES P. KOCORAS, District Judge:**

This consumer class action arises from an alleged misclassification of cannabis products manufactured and sold by Defendants (collectively, "Cresco").[1] Plaintiff Felix Rodriguez brings this action on his own behalf and on behalf of a putative class of purchasers of cannabis oils, asserting claims under Illinois and Florida consumer protection statutes, common law fraud, and unjust enrichment. Before the Court is

---

[1] Defendants comprise multiple entities operating under the "Cresco" umbrella, including the Canadian parent company Cresco Labs, Inc., and various Illinois limited liability companies engaged in cannabis cultivation and distribution.

Cresco's motion to dismiss Rodriguez's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Cresco's motion is granted.

## BACKGROUND

At a high level, Rodriguez accuses Cresco of deceptively misclassifying its products in order to circumvent restrictions imposed by Illinois cannabis laws. The following facts come from the complaint and are presumed true for purposes of this motion. All reasonable inferences are drawn in Rodriguez's favor.

On August 10, 2023, Rodriguez purchased Cresco's Remedi Rick Simpson Oil ("RSO") online for $30.[2] The product contained 378.25 milligrams of THC and was labeled "For Oral Administration Use Only." Dkt. # 1-1, at 28, ¶¶ 120–21. Rodriguez alleges that Cresco improperly labeled and marketed the RSO product as a "cannabis concentrate" when it should have been classified as a "cannabis-infused product" under Illinois law, subjecting it to a 100-milligram per-package THC limit. *Id*. at 18, ¶ 65; *id*. at 29, ¶¶ 122–24.

Rodriguez alleges that he relied on Cresco's representations that its products were legally compliant and safe, based on its status as a licensed marijuana establishment operating under Illinois's regulatory framework. He asserts that he "would not have purchased the product had he known that it was not legal" and

---

[2] Although it is unclear on the face of the complaint, Cresco asserts that the labeling of the single product Rodriguez purchased online is not a representation made by Cresco, but rather by an independent third party.

characterizes the product as "worthless" due to its alleged illegality. *Id*. at 29–30, ¶¶ 125–26.

The complaint does not allege that Rodriguez consumed the RSO product, suffered any adverse health effects, or paid more than the market value for the product he received.

The complaint asserts six counts: (1) violations of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 *et seq*., on behalf of the Illinois sub-class; [3] (2) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., on behalf of the Illinois sub-class; (3) violations of the ICFA and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*. on behalf of the multi-state class; (4) common law fraud on behalf of both classes; (5) fraudulent concealment on behalf of both classes; and (6) unjust enrichment on behalf of both classes. Rodriguez seeks various forms of relief, including actual and punitive damages, a declaratory judgment that Cresco's products fail to comply with the Illinois Cannabis Acts, and disgorgement of profits. Cresco moves to dismiss all claims against it for failure to state a claim.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d

---

[3] In his response, Rodriguez voluntarily dismissed Count I, alleging violations of UDTPA, without prejudice. Dkt. # 43, at 6 n.1.

3

1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When claiming fraud, a party "must state with particularity the circumstances constituting fraud[ ]. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The requirement that fraud be pled with particularity "ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Pirelli Armstrong Tire Corp. Retiree Med. Ben. Tr. v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011). This requirement is not rigid, and what must be alleged will vary depending on the facts of the case. *Id*. at 442. The heightened pleading standard applies to all allegations of fraud (such as misrepresentation), not merely claims labeled fraud. *Id*. at 447.

**DISCUSSION**

In its motion to dismiss, Cresco advances two primary arguments: (1) Illinois law does not authorize this private enforcement action under multiple theories of preemption; and (2) Rodriguez fails to state a valid claim under any theory of liability. Because Rodriguez has not alleged any facts demonstrating that he used or overpaid for the RSO product he purchased, and because his allegations are predicated on the theory that Cresco made a misrepresentation of law upon which he relied, the Court agrees that Rodriguez has not sufficiently stated a claim under any theory of liability. The Court therefore declines to reach the issue of preemption.[4]

## I. ICFA

Cresco moves to dismiss Count II of the complaint on the grounds that Rodriguez failed to allege, *inter alia*, actual damages, as required to sustain a claim under the ICFA. To adequately plead a private cause of action under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co*., 201 Ill. 2d 134, 149 (2002) (citing *Zekman v. Direct Am. Marketers*, 182 Ill. 2d 359, 373 (1998). A

---

[4] Because the Court does not reach Cresco's preemption arguments, it finds Cresco's request for judicial notice—submitted in support thereof—to be unnecessary to the resolution of the motion and thus declines to rule on it. Therefore, Cresco's request for judicial notice (Dkt. # 39) is denied as moot.

complaint alleging a violation of the ICFA must be pleaded with the same particularity and specificity as required for common law fraud. *Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 501 (1996); *see also Pirelli*, 631 F.3d at 441 ("When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies.").

"The actual damage element of a private ICFA action requires that the plaintiff suffer actual pecuniary loss." *Kim v. Carter's Inc*., 598 F.3d 362, 365 (7th Cir. 2010) (cleaned up). "[A]ctual loss may occur if the seller's deception deprives the plaintiff of the benefit of her bargain by causing her to pay more than the actual value of the [product]." *Id*. (cleaned up). An ICFA claim is subject to dismissal where the plaintiff fails to allege facts demonstrating actual damages. *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 740 (7th Cir. 2014).

In his response, Rodriguez argues that Cresco "misled him as to the nature and safety of the product he purchased, and that he would not have purchased it had he known the truth." Dkt. # 43, at 20–21. The complaint cites various online publications in support of the proposition that "high-potency cannabis products have been linked to significant risk of psychosis and other psychiatric-related illnesses." Dkt. # 1-1, at 20, ¶ 76. However, the complaint fails to allege that Rodriguez suffers from any adverse health or safety-related effects associated with cannabis consumption, nor does it allege that he consumed the product he purchased from Cresco. The complaint likewise does not assert that Rodriguez paid more than the actual value of the product due to Cresco's

6

alleged deceptive mislabeling.[5]   It merely alleges that Rodriguez "would not have purchased the product had he known that it was not legal."  *Id*. at 29–30, ¶¶ 125–26.

Because Rodriguez fails to allege any factual allegations to support the element of damages, Count II is dismissed without prejudice.  *See Camasta*, 761 F.3d at 740 ("Without any facts to support his conclusory assertions of actual damage, [the plaintiff] has not sufficiently pleaded that he paid more than the actual value of the merchandise he received."); *see also Dervin v. NBTY, Inc*., 607 F. Supp. 3d 831, 836 (N.D. Ill. 2022) (finding plaintiff failed to allege actual damage under her ICFA claim where she merely asserted that defendants' product was "worthless" without having taken the product).

## II.    FDUTPA

As to Count III, Cresco argues that alleged violations under the FDUTPA should be dismissed because, *inter alia*, Rodriguez failed to "plead that any wrongful conduct occurred in Florida."   Dkt. # 37-1, at 16-17 (citing *Hytera Commc'ns Corp. Ltd. v. Motorola Sols., Inc*., 623 F. Supp. 3d 857, 885 (N.D. Ill. 2022)).   Rodriguez failed to respond to this specific argument in his response or in any of his subsequent filings.

---

[5] In his response to Cresco's Notice of Supplemental Authority, Rodriguez asserts an overpayment theory for the first time. *See* Dkt. # 64. However, as noted above, the complaint is devoid of any allegation that Rodriguez failed to receive the benefit of the bargain when he purchased the RSO product. In its Notice of Supplemental Authority, Cresco brought to the Court's attention *Watt v. Trulieve Holdings Inc., et al*., No. 25-CV-00962-PHX-SPL (D. Ariz. Aug. 28, 2025). *See* Dkt. # 60. The Court agrees with Cresco that *Watt* bears similarity to the matter presently before it and finds the Article III analysis therein well-reasoned. Nonetheless, the Court declines to consider this supplemental authority at this juncture, as Cresco has not lodged a Rule 12(b)(1) challenge and the Article III injury-in-fact arguments, as they pertain to *Watt*, have not been fully briefed. The Court dismisses the complaint on other grounds for the reasons set forth herein.

Accordingly, the argument is waived. *See Bonte v. U.S. Bank*, *N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Nonetheless, Rodriguez's claim brought under FDUTPA fails to withstand a Rule 12(b)(6) challenge. To state a viable claim under FDUTPA, a plaintiff must adequately plead actual damages. *Marrache v. Bacardi U.S.A., Inc*., 17 F.4th 1084, 1098 (11th Cir. 2021) (citing *Macias v. HBC of Florida, Inc*., 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997)). For the reasons discussed above, Rodriguez likewise fails to satisfy the actual damages pleading requirement under FDUTPA, and Count III is dismissed without prejudice. *See Marrache*, 17 F.4th at 1099–1101 (affirming the district court's dismissal of plaintiff's FDUTPA claims on the ground that he allegedly "suffered actual damages by purchasing an illegal product which is worthless." (cleaned up)).

### III.     Common Law Fraud Claims

Next, Cresco moves to dismiss Counts IV and V of the complaint on the grounds that Illinois law prohibits Rodriguez's fraud claim as pleaded. In support, Cresco relies on *McIntosh v. Walgreens Boots All., Inc*., 2019 IL 123626, ¶ 39, which reaffirmed the well-established principle in Illinois that "misrepresentations or mistakes of law cannot form the basis of a claim for fraud." In *McIntosh*, the Illinois Supreme Court explained that "all persons are presumed to know the law" and "[a]n erroneous conclusion of the legal effect of known facts constitutes a mistake of law and not of fact." *Id*. (internal citations omitted).

8

In his response, Rodriguez asserts that Cresco's alleged misrepresentation constitutes a misstatement of fact rather than law, arguing that "consumers lacked any reasonable means of verifying" whether the RSO Products "were cannabis concentrates rather than CIPs." Dkt. # 43, at 22. Rodriguez further contends that "the proper classification of cannabis products depends on the intent of [Cresco], which remains hidden within [Cresco's] internal decision making, documents, and communications." *Id*. at 23.

To the extent Rodriguez argues that additional facts are necessary to determine whether Cresco's product classification constitutes a misrepresentation of fact rather than law, the argument fails because the complaint contains no allegations supporting this newly asserted theory.

Furthermore, the three cases cited in Rodriguez's response are unpersuasive. Two of the three decisions undermine Rodriguez's position, as the courts in those cases found that the common law fraud claims failed to survive a motion to dismiss because the relevant legal materials were publicly accessible to both parties. First, in *Rustom v. Rustom*, 2019 WL 4034620, at *6 (N.D. Ill. 2019), the court held that "[p]laintiff was not justified in relying on [d]efendant's misrepresentation regarding [p]laintiff's part-ownership of the Medical Center" because "the law is equally available to both parties." Similarly, in *Hamming v. Murphy*, 83 Ill. App. 3d 1130, 1135 (2d Dist. 1980), the court concluded that despite the defendant's representation that "all zoning red tape" had been resolved, "plaintiff was charged with knowledge of the permitted uses of this property

under applicable zoning ordinances" since the "zoning of the property and the [zoning] procedures . . . are a matter of public record available to both parties."

As to the third case, in *Perkins v. Collette*, 179 Ill. App. 3d 852, 859–60 (2d Dist. 1989), the Illinois Appellate Court reversed and remanded the lower court's dismissal of the fraud claims because, when "[c]onsidering only the facts alleged in the amended complaint," it was unable to "determine whether plaintiffs could have discovered the alleged misrepresentations of [defendant] merely by reviewing applicable zoning and building ordinances." The Court notes that *Perkins* appears to be an outlier under Illinois precedent.

Even assuming, for purposes of this motion, that the alleged facts in Rodriguez's complaint are true and the labeling of Cresco's products as "cannabis concentrate" constitutes a material and false statement—both of which are questionable inferences— the Court finds that such labeling amounts to a misrepresentation or mistake of law, not fact. The complaint unequivocally asserts that Cresco violated applicable laws, stating that Cresco was "required by the Illinois Cannabis Acts and their corresponding laws in Similar States to know the regulations and requirements of the law, [and] had knowledge that their RSO Products were CIPs and were not in compliance with the Illinois Cannabis Acts, or with the corresponding laws in Similar States." Dkt. # 1-1, at 45, ¶ 216; *see also id*. at 43, ¶ 203 ("The RSO Products are CIPs that do not comply with the Illinois Cannabis Acts and its corresponding laws in Similar States."). As alleged, the complaint references statutes and regulations that Cresco purportedly

10

violated, all of which are equally "available to both parties." *Hamming,* 83 Ill. App. 3d at 1135; *see also McIntosh*, 2019 IL 123626, ¶ 39 ("all persons are presumed to know the law").

Based on the four corners of the complaint, Rodriguez's theory is clear: he relied on Cresco's representations that Cresco complied with the law and alleges that he would not have purchased the product had he known it was unlawful. *See id*. at 29, ¶¶ 123–25. Without more, any reliance on Cresco's alleged representation is insufficient to support a claim for fraud. *See Little v. Dufour Yachts SAS*, 2020 WL 5763621, at *7 (N.D. Ill. 2020) (explaining the plaintiffs' reliance on the defendant's statements concerning the lawfulness of purchasing the property would be insufficient to support a common law fraud claim). Rodriguez's complaint therefore fails to withstand a 12(b)(6) challenge as to his fraud claims, and Counts IV and V are dismissed without prejudice.

### IV. Unjust Enrichment

Finally, Rodriguez's unjust enrichment claim is dismissed because "unjust enrichment is not a separate cause of action" and is based on claims that are no longer viable. *See Pirelli*, 631 F.3d at 447. Count VI is dismissed without prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss [37] is granted. Plaintiff's complaint is dismissed in its entirety without prejudice. Plaintiff is granted leave to file an amended complaint by 12/9/2025. Plaintiff's Motion for Leave to

Conduct Limited Discovery and Motion for Oral Argument [65] is denied as moot.  A telephonic status hearing is set for 1/6/2026 at 10:05 a.m.

It is so ordered.


Dated: 11/18/2025

Charles P. Kocoras
United States District Judge